A. E. MOORE v. J. W. GIDNEY, Adm'r.

When infant defendants, in a civil action or special proceeding, have no general or testamentary guardian, before a guardian *ad litem* can be appointed, a summons must be served upon such infants, and a copy of the complaint also be served or filed according to law. After the guardian *ad litem* is thus appointed in a special proceeding, a copy of the complaint, with the summons, must be served on such guardian.

An administrator filed his petition to sell the lands of his intestate for assets, and had the widow appointed guardian *ad litem*, before the infants were in court by the service of any summons upon them; the widow answered for such infants only, and not in her own right—the attorney for the petitioning administrator drafting and filing her answer; a decree was obtained, and under it the lands were sold. Afterwards the widow became apprized of facts which constituted her equitable right to one of the tracts of land sold under said decree, and she thereupon moved in the cause still pending, to set aside the decree and sale: *Held*, that the decree thus obtained was irregular, and not binding either upon the infants or widow, and that the sale under such decree should be set aside.

(The cases of *Allen* v. *Shields*, 72 N. C. Rep. 504; and *Wolfe* v *Davis*, 74 N. C. Rep. 597, cited and approved. *White* v. *Albertson*, 3 Dev. 341, cited and distinguished from this, and approved.)

MOTION in the cause, heard before SCHENCK, J., at Chambers in CLEAVELAND County, May 5th, 1876, upon an appeal from the ruling of the Probate Court.

The plaintiff, as guardian *ad litem* of the infant heirs of John L. Moore, deceased, and in her own behalf, moved the Court to set aside an order of sale, and final decree theretofore made in the cause. The motion was based upon affidavits to the following effect:

That on the 10th September, 1874, the plaintiff filed a petition against the heirs of his intestate, J. L. Moore, setting forth, among other things, that deceased was indebted to the amount of $10,000 or $20,000, and that his personal estate was worth from $10,000 to $15,000. That at his death, deceased was seized of several tracts of land, and prayed that the same might be sold by the order of the Court to make assets, &c. On the 9th day of April, the day preceding the filing of said petition, the Court made a decree appointing this petitioner guardian *ad litem* of said minor heirs, and she, on the 24th day of September, 1874, not knowing her rights, and in her great distress and trouble, and acting under the advice of the plaintiff and his counsel, was induced to sign an answer in her capacity as guardian *ad litem*, admitting all the allegations of said petition and consenting to the sale as prayed for. This answer was written by the plaintiff's counsel, at his own suggestion, and without fee.

That she never would have consented to the sale of one of the tracts of land, described in the petition as the " Thos. Wilson tract," had she known the effect of such consent, for the reason that she claims that the said tract was bought with her own money, advanced to her deceased husband with the positive agreement that the deed when made should be made to her and her children, and she is advised by counsel that she is the proper owner thereof, and demands that an issue be made to try the title thereto.

That on the 5th day of October, 1874, this Court made a decree ordering a sale of the lands mentioned in the pleadings for the purposes therein set forth, to be made on the

9th day of November, 1874. That the plaintiff afterwards reported to this Court that he had sold the lands on the 10th day of November, and not on the 9th, as he was ordered to do.

That on the 16th day of April, 1875, a decree was made by this Court, confirming the sale of the 10th of November, 1874.

That after having been induced to sign an answer as guardian *ad litem*, she was ignorant of all other proceedings in the matter for a considerable time, and was not aware that she could assert her claim to the " Wilson tract."

Petitioner therefore moved the Court to set aside the decree made on the 16th day of April, 1875, confirming the sale of November 10th, 1874, and that the petitioner may be made a party to the cause, as to her rights concerning the " Wilson land," &c.

The plaintiff in the cause filed an answer to this petition, among other things alleging :

That the decree, which the petitioner seeks to set aside, was rendered more than one year before this petition was filed and before any notice thereof was issued or served upon the plaintiff.

That the petitioner became the purchaser of lands sold under said decree, and is estopped from denying the regularity of the decree or sale thereunder."

Upon the hearing the Probate Court found the following facts :

That there was no undue influence exercised by the plaintiff or his counsel, upon the guardian *ad litem*, in procuring the filing of her answer.

That the administrator reports that he sold the land on the 10th day of November, 1874, but that the sale was actually made on the 9th day of November as ordered by the Court.

The Court found as conclusions of law:

That the irregularity in the appointment of guardian *ad litem* was cured by her voluntary appearance and answer.

That Annie E. Moore is estopped by her own voluntary act from denying the title of J. L. Moore to the "Wilson land." That she is not entitled to a jury to try the issues. That she is not entitled to the relief demanded in the complaint.

From this ruling the petitioner appealed to the Superior Court, and upon the hearing his Honor found the following facts: A summons issued on the 9th day of September, 1874, against the minor defendants and against A. E. Moore, guardian *ad litem*, to appear before the clerk of Cleaveland County, within twenty days. This summons was only served on Ann E. Moore as guardian *ad litem*, and not on the heirs. It was served on the 10th of September, 1874.

Ann E. Moore was appointed guardian *ad litem* on the 9th of September, 1874.

On the 24th day of September, 1874, Ann E. Moore filed an answer as set forth in the pleadings:

That the facts stated in the affidavit of W. A. Hoke are correct. The following is the affidavit:

"He was attorney for J. W. Gidney in the petition for sale of lands of J. L. Moore. He drew up the answer of the defendant Ann E. Moore as guardian *ad litem* in said petition, and delivered the same to her with the statement, that if she had no defense to make to said sale the answer would be sufficient, but that if she desired to resist the sale of said lands she had better employ counsel. That the petitioner Ann E. Moore took the answer and had the same under advisement for some time and the hearing of the cause was delayed to give the present petitioner opportunity to answer and defend the petition for sale, if she so desired.

That this affiant never advised the plaintiff in the premises; that petitioner came to affiant in reference to her

claim for dower in the lands of John L. Moore, and affiant declined to appear, for the reason that he was of counsel for the administrator of John L. Moore ; that affiant never heard of any claim to said land, by the petitioner, and is informed and believes that petitioner never set up claim to said land until sometime after the sale of the same and the execution of the notes for the purchase money."

The Court further found : On the complaint and answer, a decreef or sale was made on the 5th of October, 1874.

On the 13th day of October, 1874, the decree was presented to D. Schenck, Judge of the 9th Judicial District, for approval, which was at first declined, on the ground that no summons was executed on the minor heirs, but it being represented as agreeable to all parties, the decree was affirmed. It was suggested that a summons should yet issue and be served on the heirs. This was done, and the summons was served on them Sept. 14th, 1874. The land was sold for a fair price.

The case now comes up on the petition to set aside the sale of the "Wilson tract," because the plaintiff, Ann E. Moore, claims the same, and because the decrees are void as to the minor heirs.

The Court is of the opinion that the decrees for sale, as well as those confirming the same as to all the tracts, and the whole proceedings are void as to the minor heirs, for want of service of process upont hem.

From this ruling of the Court, the defendant, Gidney appealed.

*Shipp & Bailey* and *Hoke & Son,* for appellant.
No counsel *contra* in this Court.

BYNUM, J.   When infant defendants, in a civil action or special proceeding, have no general or testamentary guardian, before a guardian *ad litem* can be appointed, a sum-

mons must be served upon such infant, and a copy of the complaint also be served or filed according to law. After the guardian *ad litem* is thus appointed in a special proceeding, a copy of the complaint, with the summons, must be served on the guardian. All this does not give the Court jurisdiction to proceed at once in the cause; for it is further provided, that not until after twenty days' notice of said summons and complaint, and after answer filed, can the Court proceed to final judgment and decree therein. Bat. Rev., chap. 17, sec. 59. See *Allen* v. *Shields*, 72 N. C. Rep., 504, where it is doubted by the Court whether personal service on the infant is not indispensable, with a strong intimation that it is. So careful is the law to guard the rights of infants, and to protect them against hasty, irregular and indiscreet judicial action. Infants are, in many cases, the wards of the Courts, and these forms, enacted as safeguards thrown around the helpless, who are often the victims of the crafty, are enforced as being mandatory, and not directory, only. Those who venture to act in defiance of them, must take the risk of their action being declared void, or set aside.

In this case the guardian, *ad litem,* was appointed before the infants were brought into Court by summons. No summons or copy of the complaint was served on them until after the decree of sale. In law, they were undefended. Their rights and property were attempted to be adjudicated upon and taken from them, under the sanction of law, but in violation of its letter and spirit. They had no day in Court, and, as to them, the proceedings were irregular, and subject to be set aside.

It may be, and it is alleged, that inasmuch as the estate is insolvent, and the proceeds of the sale of the lands must all be applied in payment of the debts of the intestate, the infants have no substantial interest to be affected by the decree, and are, therefore, not injured. But as they were not

in Court, and could not be heard, these alleged facts do not judicially appear to us, and we cannot assume them to be true. What they may be able to show in defence of this proceeding, when they are properly brought in Court, and are represented by a guardian, duly constituted, who will discharge his duty to them, we cannot anticipate. Sufficient for the day is the evil thereof.

This application is treated as a motion in the original proceeding for the sale of the land, (which action is still pending,) to set aside for irregularity the decree of sale and all subsequent proceedings· We have disposed of the case as far as the infants are concerned. We next proceed to examine it so far as it affects the rights of the widow herself.

She filed no answer in her own right, but answered in the right of the infants only. She alleges that she was not, at the time of her answer, apprized of the facts which constitute her equitable right to the largest tract of land, to-wit: the Wilson tract. She further alleges that her answer to the petition for the sale of the land, was filed for her, by the attorney of the plaintiff; and that she was at the time so troubled and distressed in mind, by the recent death of her husband, as to be disqualified for business, and thus was induced to assent to the answer, without a knowledge of her rights. These allegations are not directly denied. But it is denied that the counsel of the plaintiff acted as the defendant's counsel, farther than in drawing up her answer ; and, we are satisfied that no improper influence was intended. Yet the law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, even colorably ; and in general, will not permit a judgment or decree so affected to stand, if made the subject of exception in due time by the parties injured thereby. The presumption, in such cases, is that the party was unduly influenced by that relation, and the opposite party cannot take the benefit of it. It does not appear affirmatively in this case that Mrs. Moore

the defendant, was not influenced to her prejudice and thrown off her guard thereby. The purity and fairness of all judicial proceedings should so appear when drawn in question.

Our attention has been called by the plaintiff, since the argument, to the case of *White* v. *Albertson*, 3 Dev. 241, cited in *McAden* v. *Hooker*, 74 N. C. Rep., 24. That was an action of ejectment, and the plaintiff, in making out his title, introduced in evidence the record of a suit and judgment against the heirs of one Muse, under whom he claimed. There was no service of the *sci. far.* upon the heirs, but service was accepted for them by *Blount*, the guardian. It was held by the Court, that although the service of the *scire facias* was erroneous, as not having been against the heirs themselves, and that the judgment was therefore voidable, yet it was not void and could not be impeached in this *collateral* way. The case is not an authority for the plaintiff. An irregular judgment may be set aside by a *direct* proceeding for that purpose. That cannot be disputed, and that is the purpose here. This is a proceeding in the cause where the error was committed and the object of the motion is to vacate and set aside the irregular decree, and sale under it. *Wolfe* v. *Davis*, 74 N. C. Rep., 597.

There is no error.

PER CURIAM.                              Judgment affirmed.