OTWAY B. DAVIS and others v. PERRY & PERRY, Executors.

*Statute of Limitations.*

Where, in a suit on a guardian bond, one of the plaintiffs, a *feme* covert, arrived at full age in 1865, married in 1867, and commenced the suit in 1876 ; *Held*, that the statute did not bar her right to recover. The interval

of two years between the termination of the disability of infancy and the commencement of that of coverture, is bridged over by the act suspending the operation of the statute from May, 1865, to January, 1870.

(*Lippard* v. *Troutman*, 72 N. C., 551; *Davis* v. *Cooke*, 3 Hawks, 608, cited and approved).

CIVIL ACTION tried at Fall Term, 1881, of CARTERET Superior Court, before *Shipp, J.*

This action was instituted on July 26, 1876, on the bond executed by Samuel E. Davis, on his appointment by the county court of Carteret in 1857, as guardian to the infant relators, against the defendants, the executors of Benjamin L. Perry, one of the surety obligors, to recover what is due to them respectively from the administration of the trust estate.

The only defence to be considered on the appeal arises upon the statute of limitations.

There was a reference, a report showing what was due to each, which, in the absence of exceptions, was confirmed, and a verdict response to several issues submitted to the jury.

The facts found by the jury and bearing upon the defence are, that the relator Polly was born on the 22d day of March, 1844, and married the relator Otway B. on the 29th day of August, 1867, being then more than two years above the age of twenty-one years; and that the relator Lurenza was born on the 17th day of March, 1852, and married to the relator Martin F. on the 15th day of April, 1871, not having attained her majority.

The court was of opinion and ruled that the relators Martin F. and wife, Lurenza, were entitled to recover her share of the estate, but that the relators Oway B. and wife, Polly, were not, their claim being barred by the lapse of time under the statute.

Judgment was rendered accordingly, and the relators last named appealed.

*Mr. H. R. Bryan,* for appellants.
No counsel *contra.*

SMITH, C. J., after stating the above. It will be seen that the case is not one of overlapping disabilities, the one running into

the other, but there is a distinct interval of over two years sepa-
rating the termination of the disability of infancy from the
commencement of that of coverture, and this space is bridged
over by an act suspending the statute of limitations. The
question presented is, does the suspending act so connect the two
disabilities as to produce the same legal effect, as if one super-
vened upon the other?

If the question were an open one, we should be disposed to
concur in the ruling of the court that the statute of limitations,
not extinct, but slumbering until the first of January, 1870, then
awakened into life and activity and operated against the *feme*
relator, though under coverture, as it would have done on her
arriving at full age, but for the suspension; and that the effect
of the suspension was to eliminate from the count of time so
much as was covered by it.

But we do not feel at liberty to depart from the express adju-
dication of the point in the case of *Lippard* v. *Troutman*, 72
N. C., 551, the facts of which are substantially the same as the
present. There, the court say, SETTLE, J., delivering the opin-
ion, "that as the *feme* plaintiff did not become of age until 1866,
the suspension of the statute of limitations *saved her rights until*
*the first day of January*, 1870. But before that time, to-wit: in
1869, she went under the disability of coverture"; and upon this
ground the statute was held not to obstruct the recovery.

There is some inaccuracy in the reference to section 28 of the
Code, which is part of chapter 2, and confined to actions relating
to real estate. It is not applicable to that, nor to this suit, both
being on guardian bonds.

But our case is governed by the limitations prescribed in the
Revised Code, the right of action having accrued before the Code
of Civil Procedure took effect, and the principle of cumulative
disabilities is recognized as law under the former enactments, in
*Davis* v. *Cooke*, 3 Hawks, 608, and universally acted on, as
such, since.

The ruling in the case first cited is that the interval separating

the disabilities is blotted out by force of the suspending act, and they are thus made in law to touch, as if the one began at the expiration of the other.

Abiding by this interpretation of the law, as a precedent, we reverse the judgment against the appellants, and judgment will be here entered for them for the amount due.

Error.                                          Reversed.