LUCY E. CHANCEY et al. v. E. M. POWELL et al.

*Statute of Limitations—Disabilities—The Code,* § 137.

1. When the statute of limitations commences to run against the ancestor or devisor, it continues to run against the heir or devisee, even though the right of action may, on the next day after it accrues, pass from the ancestor or devisor to an heir or devisee under disability.

2. Defendants entered into adverse possession of land in 1856, in the life-time of plaintiffs' ancestor, and held such possession up to the commencement of this action, in 1887. Plaintiffs' ancestor died in 1862, at which time plaintiffs were under disabilities, and they have remained under disabilities all the time: *Held,* that plaintiffs are barred by the statute. The suspension of the statute from May, 1861, to January, 1870, does not place plaintiffs on the same footing as if the statute had been *repealed* in 1861, and, therefore, only *commenced to run* in 1870, after the death of their ancestor, and while they were under disabilities; but plaintiffs stand in the same position as would their ancestor, if living.

CIVIL ACTION, tried before *Merrimon, J.,* and a jury, at the January Term, 1887, of the Superior Court of COLUMBUS County.

The facts appear in the opinion.

*Messrs. D. J. Lewis* and *Pearson Ellis,* for the plaintiffs.
*Mr. J. Hines,* for the defendants.

SHEPHERD, J.   The right of action in this case accrued to D. W. Baldwin, the ancestor of the plaintiffs, in the year 1856, when the defendants, or those under whom they claim, entered into the [adverse possession of the land in controversy. D. W. Baldwin lived until 1862, and was under no disability. The defendants have been in adverse possession up to the commencement of this suit, the 19th of July, 1887. Eliminating, therefore, the time from the 1st of May, 1861,

to the 1st of January, 1870, the period during which the statute of limitations and presumptions was suspended, the law would presume that the defendants were the owners of the land, and the plaintiffs would be barred. In order to meet this aspect of the case, the plaintiffs asked the Court to instruct the jury, "that if they believed from the evidence that the defendants, and those under whom they claim, took possession of the lands in controversy in 1856 or 1857, and that D. W. Baldwin, ancestor of the plaintiffs, died in 1862, and the *feme* plaintiffs were under the age of twenty-one years at the time of their father's death, and they were intermarried with the male plaintiffs before they arrived at full age, that their cause of action is not barred by the statute of limitations and presumptions."

His Honor very properly declined to give this instruction. We regard it as well settled that, "if the statute begins to run against the ancestor or devisor, it continues to run after his death, notwithstanding the infancy of the heir or devisee. There is no difference between voluntary and involuntary disabilities." Malone's Real Property Trials, 294.

PEARSON, J., in *Mebane* v. *Patrick*, 1 Jones, 23, says that, "neither the doctrine of prescription at common law nor the act of 1825 have any saving in regard to the rights of infants, *feme coverts* or persons *non compos.* In the statute of limitations, there is an express exception in favor of the rights of those who may be infants, &c., at the time the right accrues, but if, at that time, there is no disability, although the right may, on the next day, pass to an infant, &c., it is not within the proviso, so that it has grown into a legal adage, ' when the statute begins to run it continues to run.' " To the same effect are the cases of *Seawell* v. *Bunch,* 6 Jones, 195, and *Frederick* v. *Williams,* decided at this term. The cases of *Day* v. *Howard,* 73 N. C. 1, and *Clayton* v. *Rose,* 87 N. C., 106, cited by the plaintiffs, are in affirmance of the principles we have mentioned. The chief questions in *Day* v. *Howard, supra,*

were as to the time when the plaintiff's cause of action accrued, and how long a period of delay was required to bar the plaintiff's right of action, she being a tenant in common with the defendant. In *Clayton* v. *Rose*, it was held that inasmuch as the heirs of the trustee were infants when the cause of action accrued, the *cestui que trust* was entitled to avail herself of their disability, and her action was not barred.

The plaintiffs, however, contend: "That inasmuch as the statute of limitations was suspended at the time this cause of action accrued to the plaintiffs, the case stands upon the same footing as it would if the statute of limitations had been absolutely repealed in May, 1861, and re-enacted in January, 1870, after the death of the ancestor, D. W. Baldwin, and while the heirs-at-law were under disability."

This position finds no support, we think, in *Lippard* v. *Troutman*, 72 N. C., 551, and *Davis* v. *Perry*, 89 N. C., 420, cited by counsel.

The plaintiffs stand in the same position as would their ancestor had he lived and brought this action.

No error.                                      Affirmed.