PEASE *v.* THE STATE.

1. To obtain fraudulently a contribution of clothing suitable for use in preparing the corpse of an indigent person for burial, on the pretext and false representation that a certain person known to the contributor and in whose interest the latter would be likely to feel a benevolent interest, is dead and unburied, when in fact he is alive, would not necessarily be simple larceny even if the wrong-doer solicit and obtain the contribution with intent to retain the clothing for himself and convert it to his own use, and should subsequently carry the intention into effect. Were the contribution made as an immediate gift of the clothing to the impostor, the latter would, on receiving possession, acquire the title, which would vest in him subject to be divested at the election of the donor upon discovering the fraud. A trust *ex maleficio* would arise by operation of law for the benefit of the contributor. As the impostor would have a title derived from the contributor, though procured by fraud, he could not steal the goods so long as the title remained in him. Were the contribution made, on the contrary, as a bailment of the clothing to be applied to the specific charity as the property at that time of the contributor, the title would remain in the contributor, and the execution by the impostor of his pre-

existing purpose to appropriate the goods fraudulently to his own use would constitute simple larceny.

2. It results from the foregoing that in a given instance of a fraudulent attempt to obtain such a contribution by such means, it cannot be known whether the attempt in question was to commit simple larceny or only to cheat and swindle, unless it can be ascertained from the evidence to which class the solicited contribution, had it been made, would have belonged, that is, whether it would have been a gift to the impostor consummated in order that he might gratify his supposed benevolent inclinations, or a bailment for application by him, as agent of the contributor, to the charitable object. In this respect the facts of the present case are too meager and too indeterminate in their bearing to warrant a conviction for the alleged attempt to commit simple larceny. Whether the clothing would have been given to the accused or merely bailed to him had his representations been credited and had delivery been made accordingly, is not ascertainable. Most probably his design was to obtain the articles as a donation, and not as a mere bailment. The person of whom the contribution was solicited had no intention that the would-be impostor should become either donee or bailee, but took care not to trust his representation as a basis for delivering possession, whether with title or without it.                    *Judgment reversed.*

June 30, 1894.

Accusation of attempt to commit larceny. Before Judge WESTMORELAND. Criminal court of Atlanta. January term, 1894.

Pease was convicted on the following evidence. He came to the house of Col. Maddox and told Mrs. Jackson, Col. Maddox's daughter, that Joe Read, a negro who had worked for Col. Maddox at one time, was dead; and said that he wanted them to give him something to help bury Read. This was in the morning. She did not give him anything at that time, but sent Willis Scott to the place where defendant said Read was. Scott found nobody dead on that street. Pease came back in the afternoon and wanted Mrs. Jackson to give him some clothes in which to bury Read. She did not give them to defendant, but gave Scott some underwear, shirts, etc., for the purpose of burying Read, and told Scott to go with defendant where Read was, which Scott

started to do.   Defendant went with Scott a certain distance and then gave Scott the dodge, before they got to where Read was, and Scott went back to Col. Maddox's house with the clothing.   Mrs. Jackson intended to give away the stuff for the purpose of helping to bury Read, and did not give the things to defendant.   She did not expect to get it back if Read was dead.   The property was hers, and was worth two or three dollars. The occurrence was in Fulton county, and at the time Read was alive.

CUYLER SMITH, for plaintiff in error.

LEWIS W. THOMAS, solicitor, contra.