SELIM SUTTON BLOUNT ET ALS. V. CHARLES JOHNSON ET ALS.

(Filed 18 February, 1914.)

1. Estates — Remaindermen — Right of Action—Life Estate—Real Party in Interest—Interpretation of Statutes.

   The remaindermen have no right of possession in lands during the lifetime of the first taker, and during that time their action to recover the land will not lie, the statute requiring it to be brought by "the real party in interest." Revisal, sec. 400.

2. Same—Tax Title.

   The plaintiffs, being remaindermen, may not recover the lands during the continuance of the life estate, and the court will not consider whether the defendants' tax deed for the lands sold would bar the plaintiffs' right to recover, should they have had a cause of action.

BLOUNT *v.* JOHNSON.

APPEAL by plaintiff from *Bragaw, J.,* at November Term, 1913, of PASQUOTANK.

*Ward & Thompson for plaintiffs.*
*Ehringhaus & Small and E. F. Aydlett for defendants.*

CLARK, C. J. This is an action to recover land. The plaintiffs introduced a deed showing title in Selim Sutton, their grand-uncle, and also his will, under the terms of which the land in controversy would descend to them after a life estate in his daughter, Lizzie. There was no evidence of the death of Lizzie, so no right of possession has ever vested in the plaintiffs, and indeed it was admitted on the argument here that she is still living. The contention of the plaintiffs that they have a vested remainder, and therefore can recover possession, cannot be sustained. "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided." Rev., 400. The plaintiffs here do not come within any exception "otherwise provided."

The defendants introduced evidence that while the title to the land was in Lizzie, it was sold for taxes, and the ancestor in title of the defendants purchased it. We need not go into the phases of the controversy dependent upon such evidence and consider whether the plaintiffs, if they had a cause of action, are barred, because the life tenancy not having expired, they have no present right of possession, and cannot recover it.

This is not a proceeding for the redemption of lands from taxes under Rev., 2913. The judgment of nonsuit must be
Affirmed.