ED. S. LOVEN AND ROBERT LOVEN v. R. E. ROPER, JEFF FRANKLIN, AND WILLIAM AUSTIN.

(Filed 3 December, 1919.)

1. **Actions—Estates—Reversion—Possession—Tenant by the Courtesy—Life Tenant.**

    After the death, intestate, of the mother, the owner of lands, her children hold a reversionary interest therein during the life of their father, and the father, being the tenant by the courtesy, and entitled to the possession, they may not presently maintain an action asserting their ownership and right to possession before his death.

2. **Actions—Estates—Reversion—Possession—Cloud on Title—Parties—Life Tenant.**

    The holders of a reversionary interest in lands may presently maintain their action against one unlawfully in possession, claiming the title, to remove such adverse claim as a cloud upon their title, under our statute, Pell's Revisal, sec. 1585; and the life tenant is not a necessary party to the action, but the trial judge, in his discretion, may order him to be joined therein as a party plaintiff or defendant.

3. **Pleadings—Title—Reversion—Estates.**

    The plaintiff, the owner of a reversionary interest in lands, may maintain, under general allegation of his ownership of the fee, his action to

remove, as a cloud upon his title, the wrongful claim of title by one in possession, without specific allegation as to his ownership in reversion, the general allegation of title being sufficiently broad to include his ownership in remainder, there being nothing in the form of the averment calculated to mislead the defendant, or take him by surprise.

CIVIL ACTION to recover land, tried before *Webb, J.,* and a jury, at April Term, 1919, of AVERY.

The complaint of plaintiffs sets forth two causes of action:

First. One asserting ownership and the right to possession, which was wrongfully withheld by defendant.

Second. That they were the owners in fee of the land, and defendants were in possession wrongfully, claiming title, and asking that the said false claim be removed as a cloud upon the true title held by them. At the close of the testimony on adverse intimation from the court as to plaintiff's right to recover on either cause of action, plaintiffs suffered a nonsuit and appealed.

*R. W. Wall, T. A. Love, and F. A. Linney for plaintiffs.*
*Spainhour & Mull, W. C. Newland, and S. J. Ervin for defendants.*

HOKE, J. There was evidence on the part of plaintiff tending to show that plaintiffs are the children and heirs at law of Mary Jane Loven, deceased, and that the father of plaintiffs, G. A. Loven, was alive at the institution of the suit, and was not a party thereto, neither as plaintiff nor defendant. That Mary Jane Loven was the only child and heir at law of John Webb, deceased, who had a grant from the State covering the land in controversy, thus showing the title in reversion to the land in plaintiffs. That defendants were in possession of the land, wrongfully asserting title to the same in themselves and adverse to that of plaintiffs. From these facts, making in favor of plaintiff's claim, and which must be taken as true on a judgment of nonsuit, it appears that at the time of action instituted G. A. Loven, father of plaintiffs, and not a party, was entitled as tenant by the curtesy to a life estate, and the right of present possession of the land, and as to this first cause of action plaintiffs have been properly nonsuited. *Blount v. Johnson,* 165 N. C., 25.

We see no reason, however, why, on the facts presented, the plaintiffs as owners of the inheritance cannot maintain the second cause of action, that to remove a cloud upon their title.

Our statute controlling in actions of this character (Pell's Revisal, sec. 1589) is very comprehensive in its terms and purport, and clearly applies to the facts presented in the present instance. Speaking to the question, in *Satterthwaite v. Gallagher,* 173 N. C., 528, approved in the more recent case of *Nobles v. Nobles,* 177 N. C., 243, the Court said:

"Having reference to the broad and inclusive language of the statute, the mischief complained of and the purpose sought to be accomplished, we are of opinion that the law, as its terms clearly import, was designed and intended to afford a remedy wherever one owns or has an estate or interest in real property, whether he is in or out of possession, and another wrongfully sets up a claim to an estate or interest therein which purports to affect adversely the estate or interest of the true owner, or which is reasonably calculated to burden and embarrass such owner in the full and proper enjoyment of his proprietary rights, including the right to dispose of the same at its fair market value."

It is fully understood that the owners of an estate in remainder or reversion may resort to appropriate actions to protect their interests. Even in cases of trespass such actions may be maintained when the injury has caused permanent damage affecting the value of the inheritance, and with or without the presence of the life tenant. Such a suit was upheld in a decision at the last term, of *Balsom v. Johnston,* 177 N. C., 213-217, which was to recover for damages done to the inheritance by fire attributed to the negligence of defendant. In actions of this character it may be at times desirable that the life tenant should be joined in order that the entire damages may be fixed and apportioned in one and the same suit, and doubtless the judge, in his discretion, might order the life tenant to be joined as party plaintiff or defendant. But the decisions referred to, and others of like kind, are to the effect that even in actions involving an award of pecuniary damages the life tenant is not a necessary party, and if this be true, the principle should assuredly apply to actions of the present kind, where the presence of the life tenant is in no way required either for the convenience of the parties or the protection of interests involved in the suit. There is no merit in the position insisted on that the nonsuit should be sustained because the complaint does not allege that plaintiffs are owners in reversion, but alleges generally ownership in fee. There is nothing in this form of averment that is calculated to mislead the defendants, or take them by surprise; it is broad enough to include the plaintiffs' interest in remainder, and under it he may show any estate or interest in the property that is entitled to protection under the statute against a wrongful claim of title on the part of defendants.

We are of opinion, therefore, that as to the second cause of action there is error, and this will be certified that the order of nonsuit be set aside, and the action proceeded with in accordance with law.

Error.