A. B. WELCH ET AL. V. ANNIE A. WELCH ET AL.

(Filed 30 November, 1927.)

Estates—Sales—Contingent Interests — Infants — Guardian ad Litem— Process—Service—Statutes—Judgments — Irregularities — Innocent Purchaser.

Where in proceedings to sell lands affected with contingent interests the provisions of our statute, C. S., 1744, have been observed, the clerk of the Superior Court has appointed a guardian *ad litem* for contingent interests and for infant parties, the failure to serve summons on a minor is to be regarded as an irregularity that will not render the sale made by the commissioner appointed void and a nullity; and while it may on a proper showing be set aside as to all the parties, it is valid as to an innocent purchaser at the sale without notice of the irregularity; and on appeal to the Supreme Court, when this fact is not apparent, the case will be remanded for its ascertainment. C. S., 451, 483(2).

APPEAL by W. C. Owens from *Harding, J.,* at October Term, 1927, of MECKLENBURG.

On 2 July, 1924, the petitioners made a contract with the South Atlantic Land Company, Inc., by the terms of which the company agreed to sell for them a tract of land containing 15 acres; and on 14 August, 1924, the petitioners filed in the office of the clerk of the Superior Court a petition for an order of sale. They alleged that they and the defendants were owners and in possession of the land; that the defendants were minors; that the income from the land was barely sufficient to pay the taxes and other charges, and that a sale for reinvestment was desirable. C. S., 1744. They applied in writing for the appointment of a guardian *ad litem* for the infant defendants; also for

the appointment of some discreet person to act as guardian *ad litem* and to file an answer for those who might in any contingency become interested in the land. The appointments were made and each guardian filed an answer after a summons had been issued and after service thereof had been accepted. The clerk then made an order appointing a commissioner to sell the land, and the commissioner thereafter filed a report of the several offers of purchase he had received for certain lots. On 6 October, 1924, the clerk adjudged that the offers be accepted, that the sales be confirmed, and that deeds be executed and delivered to the purchasers; and on 14 October, 1924, the special proceeding was approved and confirmed by the judge presiding in the judicial district. On 19 October, 1927, the defendant, Annie A. Welch, then twenty-two years of age, entered a special appearance by her attorneys and moved that all previous orders in the cause be set aside on the ground that the court had not acquired jurisdiction in that no summons had been issued or served on her or on any of the other defendants, all of whom were minors when the orders were made. Proper notices were issued, and W. C. Owens, one of the purchasers, upon petition and motion was made a party plaintiff and given leave to assert his rights and oppose the motion to vacate the judgment. The clerk found that no summons had been issued against any of the infant defendants; that the proceeding had been instituted by the issuance of a summons against the guardians *ad litem,* and that no money or notes for deferred payments had been turned over to him as directed by the order of sale. He thereupon concluded that his judgment was void and set aside the order of sale. Upon appeal Judge Harding held that the proceeding was void for want of service of process upon the infant defendants, adopted the clerk's findings of fact and dismissed the action. W. C. Owens excepted and appealed.

*B. S. Whiting for appellant.*
*Preston & Ross and J. L. Delaney for appellees.*

ADAMS, J. The appeal raises the two questions whether the clerk's judgment was void or irregular and if irregular whether the appellant was an innocent purchaser for value without notice.

Under the practice which prevailed before 1868 a judgment in a special proceeding would not be set aside upon the application of a minor who had not been served with process if a guardian *ad litem* had been appointed to defend his interests and in good faith had made a defense in his behalf. *Hare v. Hollomon,* 94 N. C., 14. It was the general practice, loose as it was common, to apply for the appointment of a guardian *ad litem* without serving the infant with process, the

guardian, after appointment of course, usually accepting service and answering for his ward. *Cates v. Pickett,* 97 N. C., 21. As suggested in *Matthews v. Joyce,* 85 N. C., 258, this practice had long prevailed in the State and the power of appointment had been exercised without the issue of process against the infants, for the assigned reason that no practical benefit would result to them from such service because their interests were under the protection of the courts. *England v. Garner,* 90 N. C., 197.

But the process of appointment was changed by section 59 of the Code of Civil Procedure, which went into operation 24 August, 1868. This section was subsequently repealed (Laws 1870-71, ch. 233), and superseded by section 181 of The Code, sec. 406 of the Revisal, sec. 451 of the Consolidated Statutes. In cases decided soon after the adoption of the Code of Civil Procedure it was held that a guardian *ad litem* could not be appointed until process had been served on the minor. *Hyman v. Jarnigan,* 65 N. C., 96; *Turner v. Douglass,* 72 N. C., 127; *Moore v. Gidney,* 75 N. C., 34. To the same effect is the later case of *Young v. Young,* 91 N. C., 359. If process was served neither on the minor nor on his guardian the judgment was void. *Larkins v. Bullard,* 88 N. C., 35; *Stancill v. Gay,* 92 N. C., 462; *Perry v. Adams,* 98 N. C., 167; *White v. Morris,* 107 N. C., 92. In other cases it was held that the proceeding was irregular, but not void, in the absence of service on the minor, if process had been served on the guardian *ad litem.* "Mere irregularities in observing the provisions of the statute, not affecting the substance of its purpose, do not necessarily vitiate the action or special proceeding." *Ward v. Lowndes,* 96 N. C., 367, 378. In *Williamson v. Hartman,* 92 N. C., 239, it was said in reference to a motion to vacate the judgment that every irregularity will not justify this course, that some irregularities are unimportant, and that the question whether such motion should be granted must depend upon circumstances and their application to the particular case. In reference to the subject this statement was made in *Carraway v. Lassiter,* 139 N. C., 145, 154: "We have carefully examined the cases relied upon by petitioners and find that the Court has, in cases wherein the proceedings were instituted since the adoption of The Code, set aside judgments, etc., when no service of process was made upon the infants, and refused to do so when the infant was in court, notwithstanding irregularities in the proceeding. In *Moore v. Gidney,* 75 N. C., 34; *Gulley v. Macy,* 81 N. C., 356; *Young v. Young,* 91 N. C., 359; *Stancill v. Gay,* 92 N. C., 462, no summons was served on the infant defendant, guardians *ad litem* were appointed without personal service on the infants, and filed answers. This Court has in such cases invariably held that the court acquired no

jurisdiction. When, however, personal service was made on the infants a contrary ruling has been made."

This was approved in *Hughes v. Pritchard,* 153 N. C., 135. There four of the defendants were infants under the age of fourteen years. They were not served with process as the statute requires, but their guardian *ad litem* filed an answer for them. There were other defendants, some adults, others under twenty-one, but over the age of fourteen. The judgment in a special proceeding was set aside as to the defendants who were under fourteen, there being no purchaser for value, the Court saying: "Proceeding now to consider the grounds upon which the learned counsel of the plaintiffs seek to sustain the finality of the judgment in the special proceeding for partition, and the freedom from impeachment by these infants of those proceedings, it is contended that as some of the defendants to that proceeding, adults as well as infants over fourteen years of age, having the same interest in the litigation as the infants under fourteen years of age, were properly served with summons, the court had jurisdiction to appoint, and did appoint, a guardian *ad litem* for all the infant defendants and, he having answered, the infants under fourteen years of age are concluded by the judgment of the court as effectually as if they had been personally served; and this contention is rested upon the provisions of section 406, Revisal, Code, sec. 181; Bat. Rev., sec. 59, ch. 17; Acts of 1871-72, ch. 95, sec. 2. This result, it is contended, would follow notwithstanding there was a failure to serve the summons upon these infants in the manner prescribed by section 440(2) of Revisal. In its final analysis, this contention means that no service of summons on infants under fourteen years of age need be made where there are other persons defendant, upon whom proper service has been made; and that the court may appoint a guardian *ad litem* for them and render judgment which will effectually conclude them. This contention, if sound, would require the prescribed service upon infants under fourteen years of age to be made only in those civil actions or special proceedings where such infants are the sole defendants. Such a construction of the statute we do not find supported by any decision of this Court, nor is it in accord with the adjudications of other courts." . . . "Construing the two sections together, we hold that section 440(2), Revisal, prescribes the manner of service upon infants under fourteen years of age, and that section 406, Revisal, authorizes the appointment of guardians *ad litem* and that, as has been uniformly held in this State, where a defective or incomplete service upon such infants has been made, but a guardian *ad litem* has been appointed in substantial compliance with the requirements of section 406, Revisal, and the court has proceeded to judgment in the action or proceedings, such defective or incomplete service upon

the infants constitutes but an irregularity, which renders the judgment not void, but voidable only, which cannot be collaterally impeached, and which will not be vacated or set aside solely for such irregularity, when the rights of bona fide purchasers for value without notice have intervened. The reasoning which induced the holding that such defects rendered the judgment merely irregular, are stated with great force and clearness by *Ruffin, J.,* in speaking for this Court in *Sutton v. Schonwald,* 86 N. C., 198, which case has since been many times cited with approval." See, also, *Dudley v. Tyson,* 167 N. C., 67, and *Rawls v. Henries,* 172 N. C., 216.

The indifference with which the interests of minors are dealt with has in many instances become a menace to the protection of their property; and for this reason it may not be inappropriate again to direct attention to the statute providing for the appointment of guardians *ad litem.* (1) In all actions and special proceedings defendants who are infants, idiots, lunatics, or persons *non compos mentis,* whether residents or nonresidents of the State, must defend by their general or testamentary guardian, if they have one within the State. (2) If they have no such guardian in the State and have been summoned (P. L. 1927, ch. 66; C. S., 483, sec. 2), the court in which the action or special proceeding is pending, upon motion of any of the parties, may appoint a guardian *ad litem* to defend in behalf of such infants, idiots, lunatics, or persons *non compos mentis.* (3) If the cause is a civil action the guardian so appointed must file his answer to the complaint within the time required for other defendants, unless the time is extended. (4) If the cause is a special proceeding a copy of the complaint, with the summons, should be served on him. (5) After twenty days notice of the summons and complaint in the special proceeding, and after answer filed in the civil action the court may proceed to final judgment as effectually and in the same manner as if there had been personal service upon said infant, idiot, lunatic, or person *non compos mentis.* C. S., 451. Construing this section *Bynum, J.,* observed: "When the infant defendants, in a civil action or special proceeding, have no general or testamentary guardian, before a guardian *ad litem* can be appointed, a summons must be served upon such infants and a copy of the complaint also be served or filed according to law. After the guardian *ad litem* is thus appointed in a special proceeding, a copy of the complaint, with the summons, must be served on the guardian. All this does not give the court jurisdiction to proceed at once in the cause; for it is further provided, that not until after twenty days notice of said summons and complaint, and after answer filed, can the court proceed to final judgment and decree therein." *Moore v. Gidney, supra.*

In the case before us the trial judge, affirming the clerk's findings of fact, held that the sale and decree of confirmation were void for want of service of one of the infants; that none of the parties is bound by the judgment, and that the appellant acquired no rights by virtue of his deed. The proceeding was extremely irregular, but in our opinion the judgment is not void. By reason of such irregularity the judgment may be vacated as to all parties, unless the appellant is an innocent purchaser for value without notice. If he is, his title will be protected. As to this question the record is indefinite. The judgment declaring the proceeding void is reversed and the cause is remanded that it may be determined upon findings of fact whether the appellant is an innocent purchaser for value without notice. *Gulley v. Macy,* 81 N. C., 356, 367; *Sutton v. Schonwald,* 86 N. C., 198, 204; *England v. Garner, supra; Carraway v. Lassiter, supra; Harris v. Bennett,* 160 N. C., 339, 346.

Reversed and remanded.