MARSHALL CASKEY, CARRIE LYLES, ETTA HOWELL, BERTHA CARMON, JULIE M. GAITHER, LUCILLE O. JOHNSON AND OSCAR L. JOHNSON, THE LAST TWO BEING MINORS, AND APPEARING BY THEIR NEXT FRIEND, D. S. JOHNSON, v. MARY E. WEST, J. H. WEST, SAM WEST, GOLDIE WEST, ANNIE MAY WEST, DICK WEST, AND CORDIE J. WEST.

(Filed 15 June, 1936.)

**Adverse Possession B b—Whether possession was taken during life of ancestor held determinative, since heirs' disabilities would not stop running of statute if it began to run against ancestor.**

Defendants claimed the *locus in quo* by twenty years adverse possession. Plaintiffs claimed title as heirs at law of their deceased mother, who had

good record title. It appeared that the person under whom defendants claim, by tacking possession, was the husband of one defendant and the father of the other defendants, and had been in open, notorious, continuous, exclusive, and adverse possession of the land for over twenty years, but the evidence was conflicting as to whether he went into such possession before or after the death of plaintiffs' mother. *Held:* If the person under whom defendants claim went into possession after the death of plaintiffs' mother, plaintiffs' right of action did not accrue until after the death of their father and the termination of his tenancy by the curtesy, which was less than twenty years before institution of the action, but if the person under whom defendants claim went into possession prior to the death of plaintiffs' mother, then the statute began to run in defendants' favor before the death of plaintiffs' mother, and did not stop running at her death, but continued to run against plaintiffs notwithstanding any disabilities by reason of their infancy or by reason of their father's tenancy by the curtesy, and the time when defendants' ancestor went into possession is determinative of the rights of the parties, and the issue arising thereon should have been submitted to the jury. C. S., 430.

APPEAL by defendants from *Clement, J.,* at November Term, 1935, of IREDELL. New trial.

This is an action to recover possession of a tract of land situate in Iredell County, North Carolina, and containing fifteen acres, more or less.

It is alleged in the complaint that the plaintiffs, as heirs at law of Mary Caskey, deceased, are the owners and are entitled to the immediate possession of the tract of land described in the complaint, and that the defendants are in the wrongful and unlawful possession of said tract of land, claiming title thereto under C. J. West, deceased, who prior to his death wrongfully and unlawfully entered into the possession of said tract of land. These allegations are denied in the answer. The defendants allege that they, and those under whom they claim, have been in the open, notorious, continuous, exclusive, and adverse possession of the tract of land described in the complaint, under known and visible lines and boundaries, for twenty years and more.

The facts admitted in the pleadings and shown by all the evidence at the trial are as follows:

1. On 14 September, 1893, Emory Hussey conveyed the tract of land described in the complaint to Mary Caskey by a deed which is duly recorded in the office of the register of deeds of Iredell County.

2. Mary Caskey died intestate on 4 July, 1900, leaving surviving her husband, J. E. Caskey, and the following named children: (1) Marshall Caskey, who was born on 5 September, 1888; (2) Carrie Lyles, who was born on 9 January, 1890; (3) Etta Howell, who was born on 13 April, 1892; (4) Bertha Carmon, who was born on 2 July, 1894; (5) Julie M. Gaither, who was born on 9 April, 1896; and (6) Jennie Smith, who was born on 21 March, 1898.

Jennie Smith died intestate on 10 February, 1923, leaving surviving two children, Lucille O. Johnson and Oscar L. Johnson, both of whom are now minors.

J. E. Caskey, the surviving husband of Mary Caskey, deceased, died on 22 June, 1928.

The evidence for the plaintiffs tended to show that C. J. West, husband of the defendant Mary E. West, and father of the other defendants, entered into the possession of the tract of land described in the complaint after the death of Mary Caskey, under whom the plaintiffs claim, to wit, during the year 1902.

The evidence for the defendants tended to show that C. J. West, husband of the defendant Mary E. West and father of the other defendants, entered into the possession of the tract of land described in the complaint before the death of Mary Caskey, under whom the plaintiffs claim, to wit, during the year 1894, and that he was in possession of said tract of land at her death.

All the evidence showed that from the date on which he entered into possession of the tract of land described in the complaint until the date of his death in 1933, the said C. J. West was in the open, notorious, continuous, exclusive, and adverse possession of said tract of land, and that since his death the defendants, claiming under him, have been in such possession of said tract of land.

This action was begun on 7 April, 1934.

The issues submitted to the jury are as follows:

"1. Are the plaintiffs the owners and entitled to the immediate possession of the tract of land described in the complaint? Answer: ............

"2. Have the defendants been in the open, notorious, continuous, exclusive, and adverse possession of the tract of land described in the complaint for twenty years next preceding the commencement of this action? Answer: ............"

The court instructed the jury that on the facts shown by all the evidence they should answer the first issue "Yes" and the second issue "No." The defendants duly excepted to the instructions of the court to the jury as to both issues.

The jury, in accordance with the instructions of the court, answered the first issue "Yes" and the second issue "No."

From judgment that the plaintiffs are the owners and are entitled to the immediate possession of the tract of land described in the complaint, and that they recover of the defendants the costs of the action, the defendants appealed to the Supreme Court, assigning as error the instructions of the court to the jury.

*Adams, Dearman & Winberry for plaintiffs.*
*Lewis & Lewis for defendants.*

CONNOR, J.   At the death of Mary Caskey, intestate, on 4 July, 1900, the tract of land described in the complaint, which had been conveyed to her by Emory Hussey by deed dated 14 September, 1893, descended to her children, as her heirs at law, subject to the life estate of her husband, J. E. Caskey, who survived her.   C. S., 2519.

The plaintiffs, as heirs at law of Mary Caskey, deceased, were not entitled to the possession of the tract of land described in the complaint until the death of their father, J. E. Caskey, on 22 June, 1928.   *Blount v. Johnson,* 165 N. C., 25, 80 S. E., 882; *Hauser v. Craft,* 134 N. C., 319, 46 S. E., 756; *Huneycutt v. Brooks,* 116 N. C., 788, 21 S. E., 588. The statute of limitations, C. S., 430, therefore did not begin to run against the plaintiffs and in favor of the defendants until 22 June, 1928, and the action of the plaintiffs to recover possession of said tract of land is not barred by the statute, unless the statute began to run against Mary Caskey, under whom the plaintiffs claim, prior to her death.   In that case, the statute having begun to run during the life of the ancestor of the plaintiffs, did not stop running at her death, but continued to run against her heirs at law, notwithstanding their disabilities, if any, under the statute or otherwise.   *Holmes v. Carr,* 172 N. C., 213, 90 S. E., 152.   In *Chancey v. Powell,* 103 N. C., 159, 9 S. E., 298, it is said: "We regard it as well settled that if the statute begins to run against the ancestor or devisor, it continues to run after his death notwithstanding the infancy of the heir or devisee.   There is no difference between voluntary and involuntary disability."

There was error in the instructions of the court to the jury as to both issues submitted to the jury at the trial of this action.

The question of fact as to whether C. J. West entered into possession of the land described in the complaint before or after the death of Mary Caskey should have been submitted to the jury.   The answer to this question will be determinative of the action.

If the jury shall find, in answer to an appropriate issue involving this question, that C. J. West entered into possession of the land described in the complaint after the death of Mary Caskey—that is, in 1902, as the evidence for the plaintiffs tends to show—then and in that case the statute of limitations did not begun to run against the plaintiffs, until *their* cause of action accrued, to wit: On 22 June, 1928.   In that case, the action of the plaintiffs is not barred by the statute of limitations, and the plaintiffs are entitled to recover in this action.

If on the other hand, the jury shall find that C. J. West entered into possession of said land before the death of Mary Caskey—that is, in 1894, as the evidence for the defendants tends to show, then and in that case the statute of limitations began to run during the life of Mary Caskey, and was running in favor of C. J. West at her death.   It con-

tinued to run after her death in favor of C. J. West and against the heirs at law of Mary Caskey, notwithstanding *their* cause of action did not accrue until the death of their father. When the tract of land described in the complaint descended to the heirs at law of Mary Caskey at her death, they succeeded to her title to said land, which vested in them subject to such rights as had been acquired by C. J. West against Mary Caskey. If C. J. West was in the adverse possession of the tract of land at the death of Mary Caskey, then, upon remaining in such possession continuously for twenty years, he acquired a title in fee to said land against Mary Caskey and all persons claiming under her. C. S., 430. In that case, the plaintiffs cannot recover in this action.

The defendants are entitled to a new trial. It is so ordered.

New trial.