E. G. NARRON, ADMINISTRATOR OF THE ESTATE OF PEORIA WATKINS MUS-GRAVE, DECEASED, v. RICHARD MUSGRAVE AND RICHARD MUS-GRAVE, JR., STEPHEN BASS AND WIFE, BETTIE BASS.

(Filed 5 November, 1952.)

1. Estates § 9g—

A remainderman may not maintain an action for the possession of the land until after the expiration of the life estate.

2. Same: Limitation of Actions § 5a—

The statute of limitations will not begin to run against the right of a remainderman to maintain action to recover possession of the land until after the expiration of the life estate.

**3. Estates § 9g—**

A remainderman may move to vacate a void or voidable judgment affecting title to the property before the expiration of the life estate.

**4. Infants § 15½ : Judgments § 27d—**

Ordinarily a judgment against an infant will not be set aside for mere irregularity and no more, but it must be made to appear that the infant has suffered some substantial wrong and that the vacating of the judgment will not prejudice rights of innocent third parties who have purchased for value and without notice.

**5. Infants § 15½ —**

Where an infant is not served but his guardian *ad litem* appears and answers but interposes no real defense, and the court enters judgment on the day of the appointment of the guardian *ad litem*, the judgment against the infant is void for want of jurisdiction. G.S. 1-65.

**6. Same—**

Where the record proper shows service on the general guardian of an infant but later appointment of a guardian *ad litem* upon allegation of no general guardian, the record is conflicting, and where the guardian *ad litem* files answer and decree is entered on the same day, the record fails to disclose that the decree is void but only voidable for irregularity, and in attacking the judgment the infant must show he has suffered substantial injury and that the rights of innocent purchasers for value have not intervened.

**7. Infants § 12—**

Where an infant has a general guardian, such guardian is the only one who can defend on behalf of the infant, and defense by a subsequently appointed guardian *ad litem* is a nullity. G.S. 1-65.

**8. Homestead § 8—**

An infant will not be held to an implied waiver of homestead by reason of the failure of his guardian *ad litem* to demand same in the lands of his parents, but he may not assert it after he has become of age and is no longer entitled thereto.

**9. Infants § 15½ : Executors and Administrators § 13g—**

Even though a decree for the sale of land to make assets by the administrator is valid, the sale pursuant thereto may be set aside by the sole heir, who was a minor at the time of the sale, upon a showing of irregularity in the sale provided he also shows a substantial equity and that vacating the sale will not prejudice the rights of innocent third parties who have purchased for value and without notice.

**10. Same: Judgments § 27d—**

In an heir's action to set aside decree of sale of land to make assets and sale pursuant thereto on the ground of irregularity, a *prima facie* showing of a substantial equity in the property precludes denial of relief on the asserted ground that petitioner has suffered no substantial wrong as a result of the judgment or sale.

**11. Same—**

Where, in an heir's action to set aside decree of sale of land to make assets and sale pursuant thereto on the ground of irregularity, it appears of record that there were irregularities in the decree and in the sale pursuant thereto sufficient to put a reasonable man on notice, the purchaser at the sale may not maintain that he was an innocent purchaser for value without notice.

**12. Estates § 9c—**

The right of a remainderman to maintain an action for waste is dependent upon title, and he may not maintain such action so long as a prior judgment and sale of the land pursuant thereto which divests his title remain in full force and effect, and therefore in such instance demurrer to his cause of action solely upon the allegations of trespass and waste is proper.

**13. Same: Judgments § 17d—**

In an action by a remainderman to set aside decree of sale of land to make assets by the administrator and sale pursuant thereto on the ground of irregularity, and for possession of the land, and for trespass and waste, *held*, a judgment sustaining demurrer on the ground that petitioner was not presently entitled to possession, but retaining the petition in so far as it alleged acts of trespass and waste must be interpreted as dismissing only the action for possession, since the action for trepass and waste is dependent upon title, and therefore the demurrer could not have been sustained as to those allegations which were necessary to establish title in petitioner as remainderman.

APPEAL by defendant, Richard Musgrave, Jr., from *Godwin, Special Judge,* February Term, 1952, of JOHNSTON.

This proceeding was originally instituted before the Clerk of the Superior Court of Johnston County to sell real estate to create assets to pay debts.

Peoria Watkins Musgrave died intestate in 1928 leaving surviving Richard Musgrave, her husband, and Richard Musgrave, Jr., her sole heir at law who was born 16 February, 1926. E. G. Narron was appointed administrator of her estate on 2 January, 1930. At the time of her death she and her husband were living on the premises of Stephen Bass and were his tenants; she owed no debts except a judgment for $100.00, with interest from 29 December, 1926, in favor of Stephen Bass, which judgment was docketed in the office of the Clerk of the Superior Court in Johnston County. She died seized and possessed of a six acre tract of land of the value of $600.00, according to the administrator's petition.

The summons in the special proceeding was issued 16 January, 1930, and directed the Sheriff of Johnston County to summon Richard Musgrave, Richard Musgrave, Jr., and J. D. Bailey, guardian for Richard Musgrave, Jr. The return of this summons reads as follows: "Received

January 18, 1930. Served January 18, 1930 by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: Richard Musgrave, Richard Musgrave (Jr.), J. D. Bailey, defendants. Sheriff A. J. Fitzgerald, by Jesse Yelverton, D.S."

On 17 January, 1930, the administrator of the estate of Peoria Watkins Musgrave applied to the Clerk of the Superior Court of Johnston County to appoint a guardian *ad litem* for Richard Musgrave, Jr., the infant defendant, stating that he was a minor without general or testamentary guardian and further stating that the said minor had been served with summons. Thereafter, on 11 February, 1930, a guardian *ad litem* (other than J. D. Bailey) was appointed for Richard Musgrave, Jr. The guardian *ad litem* filed an answer admitting every allegation of the petition and joined in the prayer for the relief sought by the administrator. The court entered a final judgment appointing a commissioner and directing him to sell the real estate involved, all on the same day the guardian *ad litem* was appointed.

The commissioner executed a deed for the six acre tract of land on 3 January, 1934, to Bettie Bass, the wife of Stephen Bass, the judgment creditor, for a named consideration of $160.00.

In 1949, Richard Musgrave, Jr., having attained his majority, filed a motion in the original cause and petitioned the court to set aside the purported sale of the aforesaid six acre tract of land to Bettie Bass, on the ground that it was null and void. He alleges, among other things, (a) that on information and belief, neither he nor his father was served with summons in the original proceeding, both of them being residents of Wilson County at the time of the purported service; (b) that the guardian *ad litem* appointed for him by filing his answer on the day of his appointment, admitting every allegation of the petition for the sale of the land and joining in the prayer for the relief sought by the administrator, made no real defense in his behalf; (c) that on the same day the answer of the guardian *ad litem* was filed, the court, contrary to the express provisions of the law, entered a final judgment appointing a commissioner and directing the sale of the property; (d) that the last sale reported to the court was held on 12 May, 1930, at which time Stephen Bass was the highest bidder for $130.00 and no increased bid was made and the sale was not confirmed; (e) that on 22 July, 1932, the administrator filed his final account which was approved by the Clerk of the Superior Court, 26 August, 1932, and in which report the administrator stated that the sale of the land was never consummated, that no assets of any description came into his hands and no further administration was necessary; (f) that the purported sale on 19 June, 1930, was never authorized or reported and the purported confirmation thereof on 5 January, 1933, pursuant to which a commissioner's deed was executed on 3 January, 1934,

to Bettie Bass, wife of Stephen Bass, the judgment creditor, for a named but unpaid consideration of $160.00, was unauthorized and is, therefore, null and void.

The petitioner further alleges that as the sole heir of Peoria Watkins Musgrave, he was entitled to a homestead in the property involved and that the value of the land sold was much less than the homestead exemption allowed by law. It is also alleged that the defendant Stephen Bass and wife, Bettie Bass, went into possession under the deed executed by the commissioner in 1934, and have removed certain timber and wood from the premises of the value of $100.00 and have received the rents and profits therefrom, and that he is entitled to an accounting. Wherefore, the petitioner prays that the deed to Bettie Bass be declared null and void and canceled of record, and that he, Richard Musgrave, Jr., be declared the owner of the real estate involved and given immediate possession thereof, and for such further relief as he may be entitled.

The Clerk of the Superior Court, after a hearing on the matter, dismissed the motion and petition and reaffirmed the final decree which confirmed the sale of the land involved to Bettie Bass on 5 January, 1933. The petitioner appealed to the Superior Court and when the matter came on for hearing before his Honor Chester Morris, at the February Term, 1950, of the Superior Court of Johnston County, the defendant Stephen Bass and wife, Bettie Bass, demurred *ore tenus* to the matters set up in the petition and motion, "for that they do not constitute facts sufficient to state a cause of action, in that it appears that said proceeding is brought by Richard Musgrave, Jr., the (remainderman), who has no present right of possession; and for that the life tenant, Richard Musgrave, Sr., is living (present in court) and not being a party to said proceeding, he having made no motion in the cause nor having sought any relief from original judgment."

The court being of the opinion that the demurrer should be sustained, except as to the allegations of trespass and waste, entered judgment as follows: "It is, therefore, considered, adjudged and decreed by the court that the motion and petition, filed herein by Richard Musgrave, Jr., be and the same is hereby dismissed, except insofar as it may pertain to alleged acts of trespass or waste."

No exception was taken to the above judgment. When the matter came on for hearing on the allegations with respect to trespass and waste, Stephen Bass and wife, Bettie Bass, interposed a demurrer *ore tenus* on the ground (1) that the petitioner, Richard Musgrave, Jr., did not have the legal capacity to sue; and (2) that the petition and motion does not state facts sufficient to constitute a cause of action. The demurrer was sustained. To this ruling the petitioner excepted and appealed to this Court and assigns error.

*A. M. Noble and Lyon & Lyon for appellant.*
*Albert A. Corbett and Shepard & Wood for appellees.*

DENNY, J.   The ruling of the court below at the February Term, 1950, in so far as it held that Richard Musgrave, Jr., cannot maintain an action for the possession of the land involved herein until after the expiration of the life estate of his father, was correct.  *Joyner v. Futrell,* 136 N.C. 301, 48 S.E. 649; *Harris v. Bennett,* 160 N.C. 339, 76 S.E. 217; *Blount v. Johnson,* 165 N.C. 25, 80 S.E. 882; *Loven v. Roper,* 178 N.C. 581, 101 S.E. 263; *Caskey v. West,* 210 N.C. 240, 186 S.E. 324; *Stephens v. Clark,* 211 N.C. 84, 189 S.E. 191.   This being true, the statute of limitations, with respect to such action, will not begin to run against him as remainderman until after the expiration of the life estate.  *Joyner v. Futrell, supra; Harris v. Bennett, supra; Caskey v. West, supra.*  This does not mean, however, that such remainderman may not move to vacate a void or voidable judgment until after the expiration of the life estate.  This he may do at any time, if the action is taken seasonably and laches cannot be imputed to him.  *Harris v. Bennett, supra; Loven v. Roper, supra.*

As a general rule, the court will not vacate an irregular judgment against an infant as a matter of course.  Neither will it do so, "when it appears from the record or otherwise that the infant has suffered no substantial wrong, and the rights of innocent third parties, who have purchased for value and without notice, have intervened and will be prejudiced."  *Harris v. Bennett, supra.*

The petitioner takes the position that the judgment entered below is void and that as a matter of course any sale made pursuant thereto is a nullity.  In our opinion, the record proper discloses, at most, irregularities which may be construed to render the judgment voidable only.  On the other hand, if the petitioner was not served with summons and a copy of the original petition in this cause, and the guardian *ad litem* interposed no real defense in behalf of his ward, and the court entered judgment contrary to the provisions of C.S. 451 (G.S. 1-65), then it was without jurisdiction to do so.  *Moore v. Gidney,* 75 N.C. 34; *Welch v. Welch,* 194 N.C. 633, 140 S.E. 436; *Graham v. Floyd,* 214 N.C. 77, 197 S.E. 873; *Simms v. Sampson,* 221 N.C. 379, 20 S.E. 2d 554.   Furthermore, if J. D. Bailey was the general guardian of Richard Musgrave, Jr., as indicated in the summons, he was the only party who could defend in behalf of his ward.   G.S. 1-65.

If it should be determined that the original judgment was valid or a voidable one, it would then be the duty of the court to determine, (1) whether the sale of the property was properly and legally conducted; (2) if not, whether the petitioner has suffered any substantial wrong as the result thereof; and (3) whether Bettie Bass was an innocent purchaser for value.

The appellees concede that Richard Musgrave, Jr., was entitled, as a matter of law, to have a homestead allotted to him as provided by the Constitution of North Carolina, Article X, Section 3; *Spence v. Goodwin,* 128 N.C. 273, 38 S.E. 859.

This Court held, in the last cited case, that, "The duty of a guardian *ad litem,* and in fact the object of his appointment, is to protect the interest of his wards, and he has no power to waive any substantial right, especially when such waiver is entirely without consideration. It is true that his failure to assert their rights may in certain cases estop them from doing so, but only where such assertion would interfere with the rights of third parties subsequently acquired in good faith. . . . The law does not favor the implied waiver of homestead exemptions, especially by infant defendants."

It is contended, however, that since the homestead was not allotted, and the petitioner is now of age, he is no longer entitled to such right. This Court so held in *Dickens v. Long,* 112 N.C. 311, 17 S.E. 150.

It is further argued by the appellees that the petitioner had no meritorious defense to the original proceeding and is, therefore, not entitled to have the judgment and sale set aside regardless of any irregularity therein. They are relying upon *Harris v. Bennett, supra,* and similar cases. In the above case it was determined as a fact that the estate was hopelessly insolvent and that the purchaser acted in good faith and paid full value for the property. That is not conceded here. According to the original petition to sell the real estate to create assets to pay debts, the administrator alleged that the six acre tract of land belonging to the estate of Peoria Watkins Musgrave, was worth $600.00; and that the total indebtedness against her estate was about $125.00. Consequently, if it should be determined that the original judgment was valid or voidable, and it should be further determined that Bettie Bass was not an innocent purchaser, without notice, and for value, the petitioner would have sufficient equity in the property to warrant the court to set aside the sale and to direct that the assets of the estate be administered according to law.

According to the petition filed by Richard Musgrave, Jr., the administrator of his mother's estate filed his final account on 22 July, 1932, more than two years after the purported sale on 19 June, 1930, which account was duly accepted and approved by the Clerk of the Superior Court of Johnston County on 26 August, 1932; that the administrator stated in his final account that the sale of the land now in controversy was never consummated. Moreover, it is alleged that the purported sale of 19 June, 1930, at which Bettie Bass is purported to have been the last and highest bidder in the sum of $160.00, was never authorized or reported; and that request for confirmation of such sale was not made until many months after the estate was closed although such sale, according to the decree of

confirmation, took place more than two years prior thereto. In fact, no request for confirmation of the purported sale on 19 June, 1930, was made until 5 January, 1933, and the commissioner did not execute his deed pursuant to such confirmation until 3 January, 1934. Furthermore, it is contended by the petitioner that Bettie Bass never paid the purported consideration for the land. If this is true, she was not an innocent purchaser, without notice, and for value. And there is nothing in the record to indicate that the purchase price was paid into court or to the personal representative of the estate.

Even so, a motion in the cause to set aside a judgment on the ground that it is void or voidable, may not be converted into an action to recover for trespass and waste. Once the remainderman establishes his title as such, he may institute an action for trespass and waste with or without joining the life tenant. *Loven v. Roper, supra.* But, so long as the original judgment in this proceeding, and the orders made pursuant thereto, remain in full force and effect, the petitioner cannot maintain an action for trespass and waste.

The ruling sustaining the demurrer *ore tenus* at the February Term, 1950, of the Superior Court of Johnston County, unquestionably was not intended to dismiss the petition except in so far as it alleged the right of the petitioner to the present possession of the premises. The retention of the petition "insofar as it may pertain to alleged acts of trespass or waste" necessarily implies a retention of all the allegations in the petition which were necessary to establish the petitioner's title as remainderman. Certainly the court did not hold that the petitioner had a cause of action for trespass and waste and at the same time sustain a demurrer to those allegations in his petition which were necessary to establish title in the petitioner as remainderman. However, these allegations having been made primarily in support of the petitioner's present right to possession and to recover for trespass and waste, this proceeding will not be held as prejudicial to the petitioner's right to move to vacate the original judgment and to set aside the sale.

Nevertheless, the ruling of the court below, in sustaining the demurrer with respect to the petitioner's right to recover for trespass and waste in this proceeding, for the reasons herein stated, will be upheld.

Affirmed.