PeaRSON, O. J.
 

 "Where the title is out of the State, seven years adverse possession, under color of title, or twenty years adverse possession without color, makes a perfect title; in the former case, by force of the statute of limitations, and in the latter, upon the presumption of a deed by the original owner;
 
 Smith
 
 v. Bryan, Busbee’s Rep. 180.
 

 In our case, Henry Seawell, and the lessors of the plaintiff, who are his heirs, held adverse possession for more than twenty years. After such possession had continued for sixteen years, Robert Nutt, the original owner, died, leaving a sister Polly, who was the wife of Aquilla Hubbard, and under whom the defendant claims, one of his heirs at law. The question is, does the coverture of Mrs. Hubbard rebut the pre-r sumption of a deed from her ancestor, Robert Nutt, to Henry
 
 *197
 
 Seawell, or, in other words, does it prevent the presumption of a deed from being made in respect to her ?
 

 No direct authority was cited on the argument; but from analogy, and from a consideration of the principle upon which such presumptions are made, this Court is of opinion, that the presumption did arise, notwithstanding her coverture.
 

 In
 
 Mebane
 
 v.
 
 Patrict
 
 1 Jones’ Rep. 23, it is held that a right of way was acquired by prescription, although the owner of the land became
 
 non compos
 
 before the twenty years had run, he being sane at the time it commenced, and for some years
 
 afterwards;
 
 so in
 
 Pearsall
 
 v.
 
 Houston,
 
 3 Jones’ Rep. 346, it is held that the presumption of payment arises after the expiration of ten years, where the debtor was able to pay for some years after the bond was due, although he became insolvent several years before the end of the ten years.
 

 Presumptions of the kind we are considering, are made on the ground of public policy, in order to discourage litigation on stale demands and to quiet the possession of estates, and this policy would be in a great degree obstructed, if, after the presumption had commenced to arise, it was allowed to be stopped by some intervening circumstance other than an assertion of the right. Where, at the time a supposed right is invaded, the party is under disability, as in case of coverture, or infancy, it is but a proper indulgence, not to apply the principle of policy until the disability is removed ; for it rests on the idea that the one party has exposed himself to the action of the other, which implies an ability to sue. But where the one party is exposed to an action at the commencement, and the other neglects to pursue his remedy, a subsequent disability cannot be allowed to prevent the principle from being carried out, for otherwise, in a large proportion of cases, it would fail to take elfect, and the policy of the law would be defeated, either by design or accident; which concession cannot be reasonably claimed, at the expense of the public, by one who has himself been guilty of laches, or by those who claimed to have succeeded to his rights. In instance, suppose a feme sole, of full age, is evicted, and before
 
 *198
 
 the expiration of twenty years she marries, is it reasonable that she should, by her own act, avoid the effect of her laches, and beep open the question of title, which public policy requires to be quieted ? and suppose she dies, leaving an infant heir; must the title still be left open by an accumulation of disabilities? Or suppose, as in our case, the original owner neglects to sue for sixteen years, during all of which time another has possession of the land, cultivating it as his own, (a state of things which cannot well be accounted for otherwise than by presuming that the one had a deed from the other,) is it reasonable that the presumption which had begun to run, should be obstructed by the accident of his death, leaving an heir under coverture ?
 

 Our conclusion, both from analogy and from the “ reason of the thing,” is, that when the presumption has commenced, it is not stopped by a subsequent disability. There is no error.
 

 Per Curiam, Judgment affirmed.