HENRY HOLMES AND WIFE v. F. L. CARR ET ALS.

(Filed 11 October, 1916.)

**1. Limitation of Actions—Adverse Possession—Coverture—Statutes.**
    Adverse possession of lands against a married woman before 13 February, 1899, shall not be counted, Revisal, sec. 363; and in order to claim title against her by twenty years adverse possession it is necessary to show that the statute had commenced to run before her coverture.

**2. Same—Trials—Evidence—Questions for Jury.**

Where the plaintiff pleads coverture in an action to recover lands against the defendant's claim of title under twenty years continuous adverse possession of himself and predecessors, and there is evidence tending to show that such possession commenced against a predecessor in the plaintiff's chain of paper title, the question of the defendant's title by sufficient adverse possession is one for the jury; for if the statute is once put in motion the supervening disability of coverture will not stop it.

**3. Same—Sufficient Possession.**

In this action to recover lands it appears that two-thirds thereof was woodland; and in behalf of the defendant, claiming title by twenty years adverse possession, that he had built a house on the cleared land, had cultivated it, made tobacco beds thereon, and had cut wood and used straw from the woodlands. *Held*, sufficient on the question of defendant's title by adverse possession to be submitted to the jury. *Locklear v. Savage*, 159 N. C., 237, cited and applied.

**4. Appeal and Error—Harmless Error—Evidence—Declarations.**

Where declarations as to the dividing line between lands in dispute in the action are admitted, over objection, the error, if any, committed by the trial court in this respect becomes harmless when the same witness is permitted to testify that he knew the line, and it was the same as the one pointed out to him.

CIVIL ACTION tried before *Devin, J.,* at June Term, 1916, of GREENE.

This is a processioning proceeding to establish a line between the plaintiffs and the defendants, both parties claiming title to the land in controversy.

The evidence tends to prove that the plaintiff, Sarah Holmes, has a paper title covering the land, and while defendants claim to be purchasers, and that a deed under which they claim has been lost or destroyed, they have to rely upon an adverse possession for twenty years without color.

The plaintiffs contend that the possession relied on by the defendants was not adverse to the plaintiff Sarah Holmes, because of her coverture, and also that the evidence itself was not sufficient to establish an adverse possession.

There was a verdict and judgment for the defendants, and the plaintiffs appealed.

*Charles L. Abernethy for plaintiffs.*
*J. Paul Frizzelle for defendants.*

ALLEN, J.    The plaintiff Sarah Holmes, who claims the land in controversy under the will of Richard Jones, intermarried with the plaintiff Henry Holmes, in October, 1872, and has been under coverture since

that time, and it follows, as twenty years have not elapsed since the act of 1899 (Revisal, sec. 363), which removes the disability of coverture, but provides that in determining the defense of adverse possession against a married woman no possession prior to 13 February, 1899, shall be counted, that the claim of the defendants of title by adverse possession of twenty years cannot be maintained unless the defendants can show that the adverse possession began prior to the marriage of the plaintiff.

If, however, there is evidence of adverse possession begun prior to that time, and the statute was once put in motion, the supervening disability of coverture did not stop it. *Seawell v. Bunch,* 51 N. C., 195; *Chancey v. Powell,* 103 N. C., 159; *Dobbins v. Dobbins,* 141 N. C., 219.

Sidney Shepherd, a witness for the defendants, testified: "I know when Richard Jones died;. at that time Mr. Ephraim Shepherd was in possession of this land in dispute. He and Mr. Shepherd had changed that piece of land down by the tobacco yard, and Ephraim Shepherd was in possession, and when he went in possession Uncle Dick Jones was in possession of the piece on the otherwise, and he was in possession of it at the time of his death. The piece of land I am talking about is not only the piece Ephraim was living on; I am talking about all of it. After I married he carried me around the land. I knew about this land before I was married—from the road. I only lived a few miles from it. At the time I was married Eph. Shepherd was in possession of the land, and at the time Richard Jones died."

This evidence, if true—and it was for the jury and is not for us to pass on its credibility—establishes a possession under a claim of right against Richard Jones, under whom the plaintiff claims, and who died in 1872 prior to the time the title of the plaintiff accrued, and is sufficient to put the statute of limitations in operation.

The defendants also introduced evidence tending to prove that Ephraim Shepherd remained in possession of the land until he sold it to the ancestor of the defendants; that he remained in possession until his death, and that the defendants, who are his heirs, have been in possession since that time. It is true that about two-thirds of the land in dispute—5 acres—is woodland, but the witnesses testify to possession of the whole, and, in addition to testifying to cultivating the cleared land and building a house on it, that tobacco beds were made on the land in controversy, and that the defendants and those under whom they claim cut wood and used straw from the woodland.

This evidence of adverse possession for the necessary statutory period is much more satisfactory than was held sufficient to be submitted to the jury in *Locklear v. Savage,* 159 N. C., 237, and falls within the rule

there laid down, as follows: "It consists in actual possession, with an intent to hold solely for the possessor to the exclusion of others, and is denoted by the exercise of acts of dominion over the land, in making the ordinary use and taking the ordinary profits of which it is susceptible in its present state, such acts to be so repeated as to show that they are done in the character of owner, in opposition to right or claim of any other person, and not merely as an occasional trespasser. It must be decided and notorious as the nature of the land will permit, affording unequivocal indication to all persons that he is exercising thereon the dominion of owner."

There was, therefore, no error in leaving the question of adverse possession to the jury, which was done in a charge free from objection.

The other exception upon which the plaintiff chiefly relies is that a witness was permitted to testify that Henry Holmes, husband of the *feme* plaintiff, acknowledged that the line claimed by the defendants was the true line; but the admission of this declaration, if erroneous, was harmless, because the same witness testified without objection: "I know where the present line is, as contended for by Mr. Carr; that line was pointed out to me by Henry Holmes as the true line between him and Carr."

We have carefully considered the exceptions raised, and find

No error.