FRANK H. COTHRAN, JR. v. AKERS MOTOR LINES, INC.

(Filed 17 October 1962.)

**1. Ejectment § 10—**

Where plaintiff introduces in evidence a deed conveying to him the land in controversy more than seven years prior to the institution of the action, but fails to introduce any evidence of actual possession by him under the deed or that he and defendant claim under a common source, nonsuit is proper, since plaintiff in ejectment has the burden of showing title in himself and the right to possession under such title.

**2. Adverse Possession §§ 2, 23—**

In order to establish title by adverse possession, plaintiff must show his actual physical possession and that such possession was so notorious as to put the true owner on notice of his claim, and testimony by plaintiff to the effect that he owned the land and certain buildings thereon, without evidence of actual occupancy of such buildings by himself or his tenants, and that he frequently visited the property, without testimony as to what he did when visiting the property, is insufficient to establish open and hostile possession necessary to ripen title in himself.

APPEAL by plaintiff from *Fountain, S. J.,* June 4, 1962 Special "A" Civil term of MECKLENBURG.

This action was begun by summons issued 8 January 1960. Plaintiff alleges: He is the owner of a tract of land, specifically described, on the east side of Thrift Belt or Little Rock Road in Mecklenburg County. Its western boundary is the center of the road. Defendant wrongfully dug a ditch on the land in which it laid a four-inch iron pipe for the transmission of sewage into Paw Creek, a stream crossing plaintiff's land. The maintenance and operation of said sewage line and system is a continuing trespass and nuisance. He prays for a mandatory injunction directing defendant to remove the pipe from his property.

Defendant denied plaintiff was the owner of the land described in the complaint. It admitted it had laid a "four-inch cast iron pressure pipe for carrying treated sewage along the easterly shoulder of the Little Rock Road approximately three to four feet from the edge of the paved portion of said road and approximately three and one-half feet underground, all within the aforesaid State Highway right of way. . ." It alleged it had a right to lay and maintain the pipe line. It denied plaintiff was entitled to equitable relief, asserting he had an adequate remedy at law for wrongs, if any, committed.

The court sustained defendant's motion to nonsuit.

*Richard M. Welling for plaintiff appellant.*
*L. B. Hollowell and Helms, Mulliss, McMillan & Johnston by Fred B. Helms for defendant appellee.*

RODMAN, J. "Ejectment being a possessory action, it lies only where the lessor of the plaintiff could rightfully enter, and the title to support a recovery must therefore be inseparably connected with the right of possession, and must have this ingredient at least. The title of the defendant is entirely out of view. It is an old maxim that a man must recover by the strength of his own title in ejectment, not in consequence of any weakness in that of his adversary. Every plaintiff in ejectment, says *Lord Mansfield,* in *Atkins v. Hord,* must show a right of possession, as well as a right of property. . ." That was the argument General Davie made in 1791 in the case of *Strudwick v. Shaw,* 2 N.C. 5. The court accepted Davie's statement of the law and nonsuited plaintiff.

*Higgins, J.,* said in *Hayes v. Ricard,* 244 N.C. 313, 93 S.E. 2d 540, decided in 1956: "In this, as in all ejectment cases, the plaintiffs must recover on the strength of their own title."

In the period intervening between the decisions in *Strudwick v. Shaw* and *Hayes v. Ricard* there has never been a departure from the rule that plaintiff, when his title is denied, must suffer a nonsuit if he fails to show *prima facie* his good title.

Avery, J., outlined in *Mobley v. Griffin,* 104 N.C. 112, the various ways by which a party might prove title. That case was decided in 1889. Because of its clarity and simplicity, it has been cited more than 100 times. See *Shepard's Citations.* What was then said accurately summarizes the law today, *Tripp v. Keais,* 255 N.C. 404, 121 S.E. 2d 596; *Taylor v. Scott,* 255 N.C. 484, 122 S.E. 2d 57; except it is not now necessary to prove the sovereign has parted with its title when not a party to the action. G.S. 1-36.

Plaintiff made no effort to show title by estoppel or that he and

defendant claimed from a common source. He introduced a deed to himself dated in May 1951. The description in that deed is identical with the description in the complaint. It begins in the center of the Thrift Belt Road and proceeds by specific course and distance to embrace the area described in the complaint.

The deed is color of title; but color of title is not sufficient to make a *prima facie* case of title. The color must be strengthened by possession, which must be open, notorious, and adverse for a period of seven years. G.S. 1-38.

It was said in *Grant v. Winborne*, 3 N.C. 56, decided in 1798: " [I]t was the intent of the act (statute of limitations) that where a man settled upon and improved lands upon the supposition that they were his own, and continued in the occupation for seven years, he should not be subject to be turned out of possession. Hence arises the necessity for a color of title; for if he has no such color or pretense of title, he cannot suppose the lands are his own, and he settles upon them in his own wrong. The law has fixed the term of seven years both for the benefit of the prior patentee and the settler, that the latter might not be disturbed after that time, and in that time the prior patentee might obtain notice of the adverse claim and assert his own right. Hence arises the necessity that the possession should be notorious and public, and, in order to make it so, that the adverse claimant should either possess it in person or by his slaves, servants or tenants. . ." The rule requiring physical possession so notorious as to put the true owner on notice of the adverse claim in order to mature claimant's title is as well settled as the rule requiring plaintiff to establish his title. *Andrews v. Mulford*, 2 N.C. 311; *Simpson v. Blount*, 14 N.C. 34; *Williams v. Buchanan*, 23 N.C. 535; *Gilchrist v. McLaughlin*, 29 N.C. 310; *Loftin v. Cobb*, 46 N.C. 406; *Gudger v. Hensley*, 82 N.C. 481; *Bland v. Beasley*, 145 N.C. 168; *Locklear v. Savage*, 159 N.C. 236, 74 S.E. 347; *Holmes v. Carr*, 172 N.C. 213, 90 S.E. 152; *Nichols v. York*, 219 N.C. 262, 13 S.E. 2d 565; *Brown v. Hurley*, 243 N.C. 138, 90 S.E. 2d 324.

The only evidence in any way indicative of possession comes from plaintiff. On both direct and cross-examination he refers to the land in controversy as "my land," but this is no evidence of possession. It was a mere means of identifying the land in controversy and plaintiff's assertion of title.

The strongest statements to show adverse possession appear on cross-examination. Plaintiff there testified: "My property on the southerly side of Paw Creek is vacant. On the northerly side of Paw Creek I have a tenant house there, four rooms and another building with two rooms, a deep well, the works. South of Paw Creek there are no improvements on my property. That's where I was going to

build me a house, nothing over there." He gave no testimony tending to show that either of the buildings to which he referred were or had been occupied since he purchased in 1951. He also testified: "Since the sewer line has been there I have not been out there much, I've been so sick of it. When I was figuring on building a house out there I visited very often. I go out there probably at least once a month. Sometimes I get out and walk over the property." He does not tell what he did when visiting the property before the sewer line was constructed nor how often he went there.

Appellee's brief states the question involved on the appeal and pointedly asks if plaintiff, when his title is denied, can maintain his action without proof of ownership. Three pages of appellee's brief are used to show that this question must be answered in the negative. It cites a number of cases, including some of those cited in this opinion. Notwithstanding appellee's position that plaintiff is not entitled to recover unless and until he has shown that he is the owner of the land in controversy, appellant, in his opening statement of facts, says: "The plaintiff since 1951 has owned in fee simple a tract of land on the easterly side of Little Rock Road in Berryhill Township, Mecklenburg County, North Carolina." He makes no argument that there is evidence from which a jury could find plaintiff owned the land described in the complaint.

Since plaintiff has failed to make a *prima facie* showing of title to the land in controversy, it is not necessary to discuss the other questions debated in the briefs.

Affirmed.