COTTIE N. WITHERS AND HUSBAND, ULYSEES WITHERS, SARAH NOR-FLEET, WILLIE BARNES AND WIFE, COSEANNA TILLERY BARNES, ESTHER BARNES PLATT, AND ANNIE BARNES v. LONG MANU-FACTURING COMPANY.

(Filed 20 March 1963.)

APPEAL by plaintiffs from *Morris, J.*, November, 1962 Civil Term, EDGECOMBE Superior Court.

The plaintiffs instituted this civil action to have the court adjudge that they, their heirs and assigns, have a perpetual right of way, "56.5 feet wide by approximately 324.5 feet long," for purposes of ingress and egress over a certain specifically described tract of land acquired by the defendant from the Atlantic Coast Line Railroad by deed dated August 29, 1960. The plaintiffs alleged they have acquired the right of way by adverse and hostile user for more than 20 years next preceding the institution of the action.

The plaintiffs' evidence failed to show any hostile or adverse use or occupation of the right of way now claimed. They did offer evidence that the defendant had closed by fence a part of what they had used for said purposes. From a judgment of nonsuit, the plaintiffs appealed.

*Earl Whitted, Jr., for plaintiffs, appellants.*
*Bourne & Bourne, by Henry C. Bourne for defendant appellee.*

PER CURIAM.  The plaintiffs' allegations and evidence show the defendant acquired the land by deed from the Atlantic Coast Line Railroad which in turn had acquired it in fee and held it for railroad purposes. The evidence failed to show any dedication by the owner, or the exercise or assumption of any control over it by any city, county, or State authority. Prior to the deed to the defendant, the Atlantic Coast Line Railroad had held and used the property in its public transportation business. The land so held was protected against loss by adverse possession. G.S. 1-44. At most, the plaintiffs were permissive licensees. The erection of the fence was a revocation of the license.

The judgment of nonsuit is
Affirmed.