IN THE MATTER OF CALLIE HOOPER KING, ADMINISTRATRIX OF THE ESTATE OF ALBERT KING, DECEASED; AND ROBERT I. KING AND WIFE, CALLIE HOOPER KING, PETITIONERS v. MARY ALICE KING LEE AND HUSBAND, CHARLIE LEE; IRENE KING BROADNAX AND HUSBAND, ROBERT BROADNAX; WILLIE ALBERT KING AND WIFE, DOROTHY LAWSON KING; DAVID KING, SINGLE; FRANCES KING GALLOWAY AND HUSBAND, JOHN GALLOWAY; BESSIE KING GALLOWAY AND HUSBAND, FRANK GALLOWAY; JESSIE KING LAWSON AND HUSBAND, LINDSEY LAWSON; PRICIE KING HARRIS, WIDOW; DAISY KING TOTTEN AND HUSBAND, JAMES TOTTEN; GEORGE KING AND WIFE, FRANCES G. KING; JIMMIE A. KING AND WIFE, JUANITA SELLERS KING; AND HENRY KING, WIDOWER, DEFENDANTS

No. 7017SC410

(Filed 16 September 1970)

1. **Partition § 4; Ejectment § 6— conversion of partition proceeding into action to try title**

    Partition proceeding was converted into a civil action to try title where defendants denied that petitioners owned any interest in the land described in the complaint.

2. **Ejectment § 7— burden of proof upon plaintiff**

    In ejectment, plaintiff must prevail, if at all, upon the strength of his own title and not because of the weakness or lack of title in defendant, plaintiff having the burden to show title good against the world or good against defendant by estoppel.

3. **Ejectment § 10— sufficiency of plaintiffs' evidence — failure to show possession**

    In this action in ejectment, plaintiffs failed to make a *prima facie* showing of good title in them and defendants' motion for a directed verdict should have been allowed, where plaintiffs introduced a deed conveying the property in question to their intestate but the only evidence of possession was that the land had been listed for taxes by the intestate prior to his death and by his estate after his death, and plaintiffs failed to offer proof of title by estoppel or by superior deed from a common source.

4. **Ejectment § 10— proof of possession — listing and payment of taxes**

    Evidence of listing and payment of taxes is no evidence of actual possession and will not support an action in ejectment.

APPEAL by defendants Willie Albert King and Dorothy Lawson King, from *McConnell, J.,* 9 March 1970 Civil Session of the Superior Court of ROCKINGHAM County.

This special proceeding was instituted by petitioners for the sale for partition of three tracts of land which, they alleged, were owned by Albert King, intestate, at the time of his death.

Petitioner Callie Hooper King is the duly appointed, qualified, and acting administratrix of the estate of Albert King. Petitioner Robert I. King is a son of Albert King. All of the other children of Albert King are respondents.

Appellants Willie Albert King and his wife, Dorothy Lawson King, filed answer to the petition denying that the intestate, Albert King, owned tract No. 3 described in the petition at the time of his death and averring sole seizure and possession in them. No other respondent filed answer, nor did any petitioner reply to the averments in the answer filed by appellants.

The proceeding was transferred to the civil issue docket of the Superior Court. At the close of petitioners' evidence, respondents Willie Albert King and his wife, Dorothy Lawson King, moved for a directed verdict. The motion was denied. Appellants offered no evidence but rested and renewed their motion which was again denied. Both motions were reduced to writing and the grounds therefor stated with particularity. Petitioners moved for directed verdict. The motion was allowed and judgment entered declaring the 13 children of Albert King owners as tenants in common of the land in controversy. Respondents Willie Albert King and Dorothy Lawson King appealed.

*Gwyn, Gwyn and Morgan, by Julius J. Gwyn, for respondents Willie Albert King and Dorothy Lawson King appellants.*

*Bethea, Robinson and Moore, by Norwood Robinson, for petitioner appellees.*

MORRIS, J.

[1] Appellants' denial that petitioners owned any interest in the land described in the complaint as tract No. 3 converted the action into a civil action to try title, and it became, in effect, an action in ejectment. *Skipper v. Yow,* 249 N.C. 49, 105 S.E. 2d 205 (1958) ; 6 Strong, N.C. Index 2d, Partition, § 4, p. 199; *Coltrane v. Laughlin,* 157 N.C. 282, 72 S.E. 961 (1911).

[2] In ejectment, plaintiff must prevail, if at all, upon the strength of his own title and not because of the weakness or lack of title in defendant. *Murphy v. Smith,* 235 N.C. 455, 70 S.E. 2d 697 (1952) ; *Cothran v. Motor Lines,* 257 N.C. 782, 127 S.E. 2d 578 (1962). To recover, "plaintiff must show title good against the world, or good against the defendant by estoppel. It makes no difference whether the defendant has title or not,

the only inquiry being whether the plaintiff has it." *Davis v. Land Bank,* 219 N.C. 248, 249, 13 S.E. 2d 417 (1941).

Petitioners' proof of title consisted of the following: A deed (plaintiffs' exhibit #2) dated 11 September 1946, from B. M. Johnston and wife, Mattie I. Johnston, to Albert King and wife, Lula King, recorded in Book 373, at page 593, Rockingham County Registry, conveying the following described property:

"A certain tract or parcel of land in Rockingham County, State of North Carolina, and adjoining the lands of B. M. Johnston, Lester Harrelson, J. L. Butler and others, and bounded as follows: It being a tract or parcel of land situated in Rockingham County near the Caswell County and Rockingham County lines, described and bounded as follows: Bounded on the North by the Watlington Estate; on the East by the lands of Lester Harrelson; on the South by Paw Paw Branch and the R. H. Johnston Homeplace; on the West by Hogan's Creek and the lands of J. L. Butler, containing 100 acres, more or less, and being a part of the Billie Garrett Tract, later owned by George Johnston, Paw Paw Branch is the South boundary of the land herein conveyed; Hogan's Creek and the land of J. L. Butler are the Western boundary thereof and the Watlington line is the Northern boundary. The Northeastern boundary is a small branch running from Lester Harrelson's land Southeasterly to Paw Paw Branch."

The Tax Director of Rockingham County testified that tract No. 3 in the petition was described exactly as was the tract conveyed to the intestate by the deed referred to as plaintiffs' exhibit No. 2. He testified that his records disclosed that the land in controversy had been listed for taxes by the intestate prior to his death and by his estate after his death. On cross-examination, he testified that the land listed for taxes by the intestate and by his estate was on the west side of Hogan's Creek (the deed introduced by petitioners having shown that Hogan's Creek was the western boundary of the land). He further testified on cross-examination that he had been a registered surveyor since 1954, that he had read the description of the land as contained in plaintiffs' exhibit No. 2 but he could not tell where the land was situated.

Petitioners then offered the Register of Deeds who testified from the records of her office that Lula King, wife of Albert King, died on 5 June 1947.

In *Mobley v. Griffin*, 104 N.C. 112, 10 S.E. 142 (1889), Avery, J., set out clearly and precisely the various ways by which a party may prove title. They are:

"1.   He may offer a connected chain of title or a grant direct from the State to himself.

2.   Without exhibiting any grant from the State, he may show open, notorious, continuous adverse and unequivocal possession of the land in controversy, under color of title in himself and those under whom he claims, for twenty-one years before the action was brought. (Citations omitted.)

3.   He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title in himself and those under whom he claims, for seven years before the action was brought. (Citations omitted.)

4.   He may show, as against the State, possession under known and visible boundaries for thirty years, or as against individuals for twenty years before the action was brought. Secs. 139 and 144, Code.

5.   He can prove title by estoppel, as by showing that the defendant was his tenant, or derived his title through his tenant, when the action was brought. Code, sec. 147; (citations omitted).

6.   He may connect the defendant with a common source of title and show in himself a better title from that source. (Citations omitted.)"

In *Cothran v. Motor Lines, supra,* Rodman, J., noted that what was said by Avery, J., in 1889 accurately summarizes the law today with the exception that G.S. 1-36 makes it unnecessary to prove the sovereign has parted with its title when not a party to the action.

In *Moore v. Miller*, 179 N.C. 396, 102 S.E. 627 (1920), plaintiff alleged ownership of a tract of land and alleged defendant was in wrongful possession of a portion thereof. Defendant by

answer averred that he owned and was in possession at 22.6 acres which he described. At trial, plaintiffs introduced a connected line of deeds, the first dated in 1895, for 185 acres of land which was described by metes and bounds, and the last dated in 1918 conveying the land to plaintiffs. Plaintiffs' evidence further tended to show defendant in possession of 22.6 acres of land, with definite boundaries as claimed by defendant in his answer, lying and being within the larger boundaries set forth in plaintiffs' deeds. Defendant's motion for nonsuit was granted, and the court entered judgment adjudging defendant to be the owner of the 22.6 acres and entitled to retain possession. On appeal the Court affirmed the nonsuit but held that there was error in adjudging title in defendant because that could only be done on affirmative findings. In affirming the nonsuit, the Court reiterated the rule that in an action in ejectment plaintiff must recover on the strength of his own title. After setting out, in seriatim, the six methods of meeting that requirement, the Court said:

> "From a perusal of this statement it will appear, as held in *Graybeal v. Davis*, 95 N.C., 508, that, in order for plaintiff to establish his title, he must show:
>
> 1.  A grant from the State directly to himself or connect himself with one by proper deeds or he must show possession in the assertion of ownership, with or without color, for the requisite period, or that defendant is estopped to deny his title.
>
> Recurring to the testimony, the plaintiff has failed to show title in any of the ways indicated in these decisions. He has not shown any grant from the State. Nor has he offered any evidence of possession in himself or those under whom he claims. Nor presented any facts creating an estoppel in his favor. He has shown merely a line of deeds, beginning in 1895, covering a tract of land of 185 acres, and that defendant is in present possession of a portion of said land asserting ownership, and, on authority, this will not suffice."

In *Cothran v. Motor Lines, supra,* plaintiff alleged that he owned a certain tract of land, specifically described; that defendant had wrongfully cut a ditch on the land in which it had laid a four-inch iron pipe for the transmission of sewage into Paw Creek, a stream crossing plaintiff's land. He sought a mandatory injunction. Defendant denied plaintiff owned the

land described in the complaint. At trial in 1962, plaintiff introduced a deed to himself dated in May 1951. The description in the deed was identical to the description in the complaint. The plaintiff testified and referred to the land as "my land," and also testified that part of the land was vacant, that there were two buildings and a deep well on a part, that he intended to build a house on the vacant part, that he hadn't been out there much since the sewer line was put in, that sometimes he got out and walked on the property. There was no evidence that any buildings were or had been occupied nor what he did when visiting the property before the sewer line was put in nor how often he went there. The trial court sustained defendant's motion for nonsuit. On appeal, the opinion of the unanimous court was written by Rodman, J. He referred to the various ways a party may prove title and said:

> "Plaintiff made no effort to show title by estoppel or that he and defendant claimed from a common source. He introduced a deed to himself dated in May 1951. The description in that deed is identical with the description in the complaint. It begins in the center of the Thrift Belt Road and proceeds by specific course and distance to embrace the area described in the complaint.

> The deed is color of title; but color of title is not sufficient to make a *prima facie* case of title. The color must be strengthened by possession, which must be open, notorious, and adverse for a period of seven years. G.S. 1-38."

The Court held that plaintiff's evidence was not sufficient to show possession and affirmed the nonsuit.

In *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593 (1955), plaintiffs sought to recover damages for trespass in cutting and removing timber from certain lands in Halifax County, specifically described in the complaint, alleging ownership. Defendant answered denying the allegations of the complaint and by further answer set out a timber deed under which he claimed the right to cut the timber. At trial plaintiffs introduced a connected chain of deeds from 1905 to 1940 and also introduced oral testimony with respect to the line and boundaries of the land involved. When plaintiffs rested, defendant's motion for judgment as of nonsuit was granted. On appeal the judgment was affirmed. The Court said that plaintiff must rely on the strength of his own title, referred to the various methods of proving title set out in *Mobley v. Griffin, supra,* and noted

King v. Lee

that in all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to the action. The Court held that plaintiffs' evidence was not sufficient to bring their case within any of the six rules. If they intended to invoke the sixth rule, that is, to show a common source of title, the evidence was insufficient because it failed to connect defendant with any source of title common to both plaintiffs and defendant. If they relied on adverse possession under known and visible boundaries or under color of title, the evidence was too vague and insufficient to support either.

[3, 4]   Testing petitioners' evidence by these rules, we must conclude that petitioners have failed to show *prima facie* their good title. There has been no proof of title by estoppel nor was there evidence of a common source of title with the evidence showing better title in petitioners from that source. The only evidence of possession is that the intestate, and after his death his estate, listed property in Ruffin Township known as the "Ben Johnston" tract for taxes. There is no evidence that the taxes were paid nor is the evidence clear with respect to whether the land described in the complaint was the same land listed for taxes. Evidence of listing and payment of taxes is no evidence of actual possession and does not suffice to support an action in ejectment. *Chisholm v. Hall*, 255 N.C. 374, 121 S.E. 2d 726 (1961). Nor was plaintiffs' evidence sufficient to identify and locate the land they claim.

Having concluded, as we do, that petitioners have failed to prove title to tract No. 3, it follows that the court was in error in entering the judgment in the record. The motion of Willie Albert King and Dorothy Lawson King for directed verdict should have been granted and judgment entered denying petitioners' request for sale of tract No. 3 and remanding the cause to the Clerk of the Superior Court to the end that tracts Nos. 1 and 2 as described in paragraph 5 of the petition could be sold for partition.

Error and remanded.

BROCK and GRAHAM, JJ., concur.