SADDLE CLUB, INC. v. FRANK O. GIBSON, TRADING AND DOING BUSINESS AS GIBSON TREE SERVICE

No. 7014SC588

(Filed 21 October 1970)

1. Adverse Possession §§ 16, 17; Trespass to Try Title § 4— wrongful cutting of trees — color of title — highway right-of-way

   In an action by a restaurant to recover damages for the wrongful cutting of three trees that were growing on a 20-foot strip of land included within a Highway Department right-of-way, the restaurant's evidence was sufficient to establish that it had exercised lawful possession of the 20-foot strip under color of title for more than seven years, and that its rights to the strip were superior to those of all other parties except the State of North Carolina; consequently, the judgment of the trial court awarding the restaurant $800 in damages is affirmed. G.S. 1-45.

2. Appeal and Error § 57— findings of fact — review on appeal

   APPEAL by defendant from *Canaday, Superior Court Judge,* Regular June 1970 Session of DURHAM County Superior Court.

Plaintiff instituted this action alleging that the defendant had trespassed upon its land and wrongfully cut three trees thereby damaging the land and marring the aesthetic beauty thereof. Defendant admitted cutting the three trees in question but denied that they were on the property of the plaintiff.

The case was tried without a jury.

It was stipulated that plaintiff had a deed dated 7 May 1946 and recorded 16 May 1946 in Deed Book 165 at Page 218 of the

Durham County Public Registry. This Deed recited that the grantors "have given, granted, bargained and sold, and do by these presents give, grant, bargain, sell and convey" unto the grantee land lying and being in Durham Township described as follows: Tract No. 1 which is not involved and then

> "Tract No. 2
>
> All right, title and interest which the parties of the first part now have or may have hereafter have in and to a rectangular strip of land 20 feet wide and 200 feet in length, adjacent to and adjoining Tract #1 first above described and lying between the northern boundary line of said Tract #1 and the said Highway #70 and being embraced within the right of way of said highway, it being the intention of the parties of the first part herein only to quit claim [*sic*] such right, title, and interest as they have in and to said 20-foot strip."

The deed contained full warranties as to Tract No. 1 but not as to Tract No. 2.

It was further stipulated that the three trees cut by the defendant were cut on or about August 15, 1962, and that they were located within the 20-foot strip; that the 20-foot strip is within the 100-foot highway right-of-way which the Highway Department of the State of North Carolina has.

The plaintiff offered testimony of its president to the effect that the plaintiff operated a restaurant business; that the building in which the restaurant was operated was constructed in 1946; that the three trees in question were growing in front of the restaurant building; that the 20-foot strip described as Tract No. 2 in the deed was used for parking cars and erecting signs; that oyster shells were piled in the area for the purpose of attracting attention to the business; that the plaintiff kept the grass mowed on the 20-foot strip and the area landscaped; that the State Highway Department had not made any use of the 20-foot strip referred to either before or after the trees were cut; that the plaintiff corporation was the owner of the 20-foot strip, where the trees were located, based upon the deed mentioned above.

The trial judge found as a fact that the three trees were growing on the 20-foot strip of land which was within the right-of-way of the North Carolina Highway Department "but

that this 20-foot strip area has never been used by the Highway Department for highway purposes"; that the plaintiff "has exercised dominion and control over the land and has used it for the purposes for which it was ordinarily adaptable, and has taken the profits of which it is ordinarily susceptible, and that the plaintiff has been in lawful possession of said land since the time of the recordation of the above said deed; . . . that plaintiff, since 1946, has actively possessed and used the said 20-foot tract of land by erecting signs thereon, by parking vehicles thereon, and by putting a pile of oyster shells thereon as advertisement for its oyster bar, and plaintiff has exercised dominion and control over the said 20-foot strip by landscaping it and mowing and maintaining it and that to the present time the plaintiff continues to use the said 20-foot strip, as above said; that this 20-foot strip is above the level of the paved portion of Hillsborough Road . . . . "

The trial judge then found that the cutting of the trees by the defendant constituted a trespass against the possession of the plaintiff of the 20-foot strip and awarded damages to the plaintiff in the amount of $800.00, together with interest thereon from August 15, 1962, and the court costs.

The defendant appealed from the judgment entered and assigned as error the failure to direct a verdict in favor of the defendant and the finding by the trial court "that the plaintiff was in lawful possession, either actual or constructive of the property upon which the trees were growing based upon a stipulation that the trees were within the right-of-way of the State and in the absence of evidence offered by the plaintiff that it was the owner of the land or was in lawful possession."

*Edwards and Manson by W. Y. Manson for plaintiff appellee.*

*James R. Patton and C. Horton Poe, Jr., for defendant appellant.*

CAMPBELL, Judge.

[1] This appeal presents the question as to whether plaintiff established its title to the 20-foot strip of land and the three trees growing thereon.

In a land title case plaintiff must prevail, if at all, upon the strength of its own title and not because of the weakness

or lack of title in defendant. Plaintiff undertook to do this by introducing the deed to plaintiff in 1946 and the use of the property made thereafter from 1946 until 1962. This evidence established, as the judge found, that the plaintiff was actively in possession of the 20-foot strip of land and had exercised dominion and control over it by using it for the purposes for which it was ordinarily adaptable, namely, erecting signs, parking vehicles, placing oyster shells thereon for advertising purposes, landscaping it, mowing and maintaining it and claiming title thereto subject only to the right of the State Highway Commission, which right the State Highway Commission had never attempted to exercise.

[1, 2]  The evidence introduced by the plaintiff was sufficient to sustain the findings of fact of the trial judge. In the absence of a jury trial, the findings of fact by the trial judge are conclusive if supported by any competent evidence; and a judgment supported by such findings will be affirmed. *Industrial Center v. Liability Co.,* 271 N.C. 158, 155 S.E. 2d 501 (1967). The plaintiff by the deed in question showed color of title and the activities of the plaintiff on the land subsequent to the deed in 1946 up to 1962 showed possession of the premises in question for more than seven years. This was sufficient and we do not deem it necessary to again expound on how to try a land title. This is thoroughly treated in an opinion by Judge Morris of this Court in the case of *"In the Matter of Callie Hooper King, et al v. Mary Alice King Lee, et al,"* filed 16 September 1970 and reported in 9 N.C. App. 369.

While G.S. 1-45 prevents plaintiff or any other person from acquiring an *exclusive* right to the land, it does not prevent plaintiff from acquiring a right superior to that of all other persons save the State, and the stipulation that the land was within the right-of-way of the Highway Department indicates only that the State has a superior right, if it chooses to exercise it, to the land. The rights of the State do not preclude plaintiff from acquiring actual, lawful possession, and the evidence was sufficient to support a finding of fact to that effect.

Affirmed.

Judges BRITT and VAUGHN concur.