McLaurin v. Winston-Salem Southbound Railway Co.

THELMA H. McLAURIN, WIDOW, AND ELEANOR RUTH McRORIE, WIDOW v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY, A CORPORATION; SEABOARD SYSTEM RAILROAD, INC., A CORPORATION; AND LANDON A. SCARBOROUGH

No. 8720SC188

(Filed 20 October 1987)

1. Courts § 4— land worth $18,000—ownership disputed—action properly transferred to superior court

In an action to determine ownership of two tracts of land, the trial court did not err in transferring the case from the district court to the superior court division, since N.C.G.S. § 7A-243 provides that the superior court is the proper division for the trial of all civil actions in which the amount in controversy exceeds $10,000, and one defendant asserted that another defendant offered to buy from it the disputed property for $18,000, thus indicating that defendant would sustain a loss substantially in excess of the $10,000 requirement should plaintiffs prevail on their adverse possession claim.

2. Railroads § 1— railroad sheltered from adverse possession claims—plaintiffs' claim improperly dismissed

N.C.G.S. § 1-44 shelters a railroad from claims of adverse possession only where the railroad uses, or plans in good faith to use, the land for a public purpose set forth in the statute; therefore, the trial court erred in dismissing plaintiffs' adverse possession claim for failure to state a claim upon which relief could be granted on the ground that railroad held interests in land, properly acquired, may never be extinguished by adverse possession.

3. Appeal and Error § 4— notice of appeal in open court

Plaintiffs gave proper notice of their appeal when they did so by giving oral notice of appeal "in open court" on the same day their action was dismissed for failure to state a claim. Appellate Rule 3(a)(1); N.C.G.S. § 1-279.

APPEAL by plaintiffs from *Davis, James C., Judge.* Orders entered 16 October 1986 in ANSON County Superior Court. Heard in the Court of Appeals 24 September 1987.

Plaintiffs commenced this action in the Anson County District Court on 13 August 1986 seeking damages and a declaration that they were fee simple owners, through adverse possession, of two tracts of land. Defendant Seaboard System Railroad, Inc., neither filed an answer nor otherwise answered, and the Clerk entered default against it on 29 September 1986. Defendants Winston-Salem Southbound Railway Company (WSSB) and Landon A. Scarborough (Scarborough) answered in apt time and filed duplicate motions to transfer to Anson County Superior Court

pursuant to N.C. Gen. Stat. § 7A-258 and to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The Honorable James C. Davis, Superior Court Judge, heard arguments on 13 October 1986. He granted the motions to transfer in open court on 13 October but took under advisement the motions for dismissal.

On 16 October Judge Davis signed, in open court, both an order to transfer reciting the ruling of 13 October and an order granting defendants' motions to dismiss. After having been served with plaintiffs' proposed record on appeal defendants moved to dismiss plaintiffs' appeal for non-compliance with Rule 3 of the North Carolina Rules of Appellate Procedure and N.C. Gen. Stat. § 1-279.

On 26 January 1987 the Honorable F. Fetzer Mills, Superior Court Judge, heard arguments and two days later signed an order denying defendants' motions to dismiss plaintiffs' appeal. Defendants appealed this order and gave notice that they would act both as appellees and cross-appellants.

*Henry T. Drake for plaintiff-appellants.*

*Craige, Brawley, Lüpfert and Ross, by William W. Walker, for defendant-appellant/appellee Winston-Salem Southbound Railway Company; and Thomas, Harrington and Biedler, by John T. Burns, for defendant-appellant/appellee Landon A. Scarborough.*

WELLS, Judge.

This case calls upon us to review for errors of law three orders entered below: (1) an order to transfer, (2) an order to dismiss for failure to state a claim, and (3) an order denying motions to dismiss an appeal. We will review the three orders *seriatim.*

[1]  1. Plaintiffs contend that the trial court erred in transferring the case from the district court to the superior court division. We disagree. In pertinent part, N.C. Gen. Stat. § 7A-243 provides that the superior court is the proper division for the trial of all civil actions in which the amount in controversy exceeds $10,000. G.S. § 7A-243(3) provides, *inter alia,* that where the relief sought would establish right or title, the value of the right or title is in controversy. G.S. § 7A-243(5) provides as follows: "Where the

value of the relief to a claimant differs from the cost thereof to an opposing party, the higher amount is used in determining the amount in controversy." We construe the term "cost," as used in the above-quoted statute, to mean value of loss, whether monetary or non-monetary. Defendant WSSB asserted in its answer and counterclaim that defendant Scarborough offered to buy from WSSB the disputed property for approximately $18,000. Thus, if plaintiffs prevail in their attempt to wrest ownership of the property from WSSB through adverse possession, WSSB will sustain a loss substantially in excess of the $10,000 amount in controversy requirement. It follows that the trial court's order transferring the cause to the superior court division was proper.

[2] 2. The trial court's dismissal order apparently was based upon its interpretation of N.C. Gen. Stat. § 1-44, which provides as follows:

> No railroad, plank road, turnpike or canal company may be barred of, or presumed to have conveyed, any real estate, right-of-way, easement, leasehold, or other interest in the soil which has been condemned, or otherwise obtained for its use, as a right-of-way, depot, station house or place of landing, by any statute of limitation or by occupation of the same by any person whatever.

Defendants urge us, as they successfully urged the trial court, to construe the above statute to the effect that, as a matter of law, railroad-held interests in land, properly acquired, may *never* be extinguished by adverse possession. Plaintiffs, on the other hand, contend that G.S. § 1-44 is a *use* statute, and that if a railroad does not *use* the land for any of the purposes spelled out in the statute, it forfeits the statute's protection. We agree with plaintiffs. Plaintiffs alleged in their complaint that defendant WSSB "has never used that said property for any right-of-way, depots, station house, or place of landing."

The language of the statute supports plaintiffs' construction. The statute shelters interests in land "obtained for [a railroad's] *use*, as a right-of-way, depot, etc." (Emphasis added.) Plaintiffs point out that companion statute G.S. § 1-44.1 provides that if a railroad removes its tracks from a right-of-way and neither replaces them nor makes any use of that right-of-way within seven years, the interest is presumed abandoned. If G.S. §§ 1-44

and 1-44.1 are read in *pari materia*, it becomes apparent that defendants' construction of § 1-44 leads to an absurd result. The General Assembly cannot logically have intended that a railroad can lose an interest in land through abandonment, but can never forfeit an interest in land that it has never put to any use at all.

Defendants rely principally on *Withers v. Manufacturing Co.*, 259 N.C. 139, 129 S.E. 2d 886 (1963). We find that this case supports plaintiffs' position rather than defendants.' In *Withers* the Court decided that the railroad-held land was protected against loss by adverse possession because it had been *"held . . . for railroad purposes"* and because the railroad company had *"used* the property in its public transportation business." (Emphasis added.)

We hold that G.S. § 1-44 shelters a railroad from claims of adverse possession only where the railroad uses, or plans in good faith to use, the land for a public purpose set forth in the statute. The order dismissing plaintiffs' suit for failure to state a claim is reversed.

[3] 3. Finally, defendants contend that the trial court erred in denying their motions to dismiss plaintiffs' appeal. We disagree. Rule 3(a)(1) of the North Carolina Rules of Appellate Procedure and N.C. Gen. Stat. § 1-279 provide that appeal may be taken by giving oral notice "at trial." The commentary to Rule 3(a)(1) advises that "at trial" has always been equated with "in open court." In the case at bar, Judge Mills found as a fact that plaintiffs' counsel gave oral notice of appeal "in open court" on 16 October, which is the day the nonsuit order was rendered by Judge Davis. Although it does appear that defendants' counsel was not present when Judge Mills ruled on defendants' Rule 12(b)(6) motion, we nevertheless hold that plaintiffs gave proper notice of their appeal. The order denying defendants' motion to dismiss plaintiffs' appeal is affirmed.

Subsequent to the docketing of plaintiffs' appeal, defendants filed a motion in this Court to dismiss plaintiffs' appeal. For the reasons stated above, we deny that motion.

Affirmed in part; reversed and remanded in part.

Judges EAGLES and MARTIN concur.