THELMA H. McLAURIN AND ELEANOR RUTH McRORIE v. WINSTON-SALEM SOUTHBOUND RAILWAY COMPANY, SEABOARD SYSTEM RAILROAD, INC., AND LANDON A. SCARBOROUGH

No. 605PA87

(Filed 8 December 1988)

**1. Adverse Possession § 16.1— protection of railroad property from adverse possession—use for railroad purposes not required**

The statute protecting a railroad from loss of land by adverse possession, N.C.G.S. § 1-44, does not require that a railroad actually use the land but only that the railroad obtain the land for its use for a railroad purpose.

**2. Railroads § 3— abandonment of right-of-way—statute inapplicable to land owned in fee**

The statute providing that a railroad is presumed to have abandoned a right-of-way if it removes its tracks from the right-of-way and does not make any railroad use of the right-of-way for seven years, N.C.G.S. § 1-44.1, refers only to the abandonment of easements and has no application to land owned in fee simple.

**3. Adverse Possession § 16.1— statute protecting railroad property from adverse possession—use by individual**

An individual may take advantage of N.C.G.S. § 1-44 to show that a railroad had not lost land by adverse possession at the time it conveyed the land to him.

**4. Railroads § 3— power to sell railroad property**

A railroad has the power to sell for nonrailroad purposes real property which it acquired for railroad purposes.

ON discretionary review of the decision of the Court of Appeals reported at 87 N.C. App. 413, 361 S.E. 2d 95 (1987), which affirmed in part and reversed in part the order of dismissal entered by *Davis (James C.), J.,* at the 13 October 1986 Civil Session of Superior Court, ANSON County. Heard in the Supreme Court 11 October 1988.

The plaintiffs filed this action in the Anson County District Court on 13 August 1986, seeking a declaration that they had become by adverse possession fee simple owners of two tracts of land titled to the defendant Winston-Salem Southbound Railway Company (Southbound). The plaintiffs alleged in their complaint that they owned by deed tracts of land adjacent to the land at issue and that they had tended to and cared for the land at issue for over 30 years, as was "known to the whole community." The plaintiffs further alleged that the defendant Southbound "has never used that said property for any right-of-way, depots, stationhouse, or place of landing." They alleged that defendant Seaboard System Railroad, Inc. once maintained a railroad track on the land at issue, but the' track has been abandoned for more than seven years. They alleged that the defendant Scarborough claimed an interest in the land through a deed from Seaboard.

Defendant Southbound answered, alleging ownership by deed of the tracts at issue, alleging that defendant Landon Scarborough had offered to buy the land, requesting dismissal for failure to state a claim, and counterclaiming for wrongful assertion of title. Defendant Scarborough answered, alleging ownership of some of the land by deed acquired from defendant Seaboard System Railroad, Inc. and requesting dismissal for failure to state a claim. Defendant Seaboard did not answer and a default judgment was entered against it on 29 September 1986.

Defendants Southbound and Scarborough moved to transfer the action to superior court. The superior court allowed the motion to transfer and granted a motion to dismiss pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6).

The plaintiffs appealed. After the defendants were served with the plaintiffs' proposed record on appeal, they moved to dismiss the appeal for failure to give proper notice of appeal. Judge Fetzer Mills signed an order denying this motion on 28 January 1987. The defendants appealed this order.

The Court of Appeals affirmed the order of transfer, reversed the order of dismissal, and affirmed the order denying the motion to dismiss the appeal. On 9 March 1988 we allowed defendants' petition for discretionary review.

*Henry T. Drake for plaintiff appellees.*

*Thomas, Harrington & Biedler, by Larry E. Harrington, for defendant appellee Landon A. Scarborough.*

*Craige, Brawley, Lüpfert & Ross, by William W. Walker, for defendant appellant Winston-Salem Southbound Railway Company.*

*Patton, Boggs & Blow, by C. Allen Foster, Eric C. Rowe and Julie A. Davis, for Amicus Curiae North Carolina Railroad Company.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by L. P. McLendon, Jr. and Nancy K. Plant, for Amicus Curiae Southern Railway Company.*

*Maupin, Taylor, Ellis & Adams, by Charles B. Neely, Jr. and Gilbert C. Laite III, for Amicus Curiae CSX Transportation, Inc.*

WEBB, Justice.

[1] The principal question presented by this appeal deals with the interpretation of N.C.G.S. § 1-44 which provides:

> No railroad, plank road, turnpike or canal company may be barred of, or presumed to have conveyed, any real estate, right-of-way, easement, leasehold, or other interest in the soil which has been condemned, or otherwise obtained for its use, as a right-of-way, depot, station house or place of landing, by any statute of limitation or by occupation of the same by any person whatever.

The Court of Appeals held that if a railroad does not use, or plan in good faith to use, the land for the purpose set forth in the statute it forfeits the protection of the statute. The plaintiffs alleged that Winston-Salem Southbound Railway Company "has never used that said property for any right-of-way, depots, station house, or place of landing" and under this allegation, the Court of Appeals held it was error to dismiss the action.

We disagree with the interpretation of the Court of Appeals. The plain words of the statute do not require that a railroad actually use the land but that the railroad "obtained for its use" the land for a railroad purpose. The plaintiffs have not alleged that the land was not obtained for any of the uses specified in the statute and their complaint must fail.

N.C.G.S. § 1-44 was enacted in 1854. It has been interpreted in many cases. *See Keziah v. R.R.*, 272 N.C. 299, 158 S.E. 2d 539 (1968); *Withers v. Manufacturing Co.*, 259 N.C. 139, 129 S.E. 2d 886 (1963); *Muse v. R.R.*, 149 N.C. 443, 63 S.E. 102 (1908); *R.R. v. Olive*, 142 N.C. 257, 55 S.E. 263 (1906); *Purifoy v. R.R.*, 108 N.C. 101, 12 S.E. 741 (1891). These cases establish that when a railroad acquires land for railroad purposes the land is dedicated to a public use. N.C.G.S. § 1-44 protects the railroad from loss of the land by adverse possession. We have said it would be bad public policy to require railroads to police all the lands they own to guard against claims by adverse possession. In one case we said, "A permissive use of part of [the railroad's land] by another, when no present inconvenience results to the company, is not a surrender of rights of property, and, indeed, to expel an occupant under such circumstances, would be a needless and uncalled for injury." *R.R. v. McCaskill*, 94 N.C. 746, 754 (1886).

[2]   We do not agree with the Court of Appeals that N.C.G.S. § 1-44 should be read in pari materia with N.C.G.S. § 1-44.1 and that by so reading the statutes we must hold that N.C.G.S. § 1-44 does not prevent a railroad from losing by adverse possession land it owns in fee simple. N.C.G.S. § 1-44.1 provides that if a railroad removes its tracks from a right-of-way and does not replace them for seven years and does not make any railroad use of the right-of-way during that time it is presumed to have abandoned the right-of-way. We do not believe the General Assembly intended that if a railroad does not use for railroad purposes land it owns in fee simple that it has abandoned that land. We do not know of any landowner that has been so treated. We believe N.C.G.S. § 1-44.1 refers to the abandonment of easements. It has no application to land owned in fee simple.

The Court of Appeals distinguished *Withers v. Manufacturing Co.*, 259 N.C. 139, 129 S.E. 2d 886, by saying the railroad in that case had used the property for railroad purposes. This Court

did say in holding that N.C.G.S. § 1-44 protected the railroad from losing its land by adverse possession that the railroad "had held and used the property in its public transportation business." *Id.* at 140, 129 S.E. 2d at 887. We did not say that if the land had not been used for a railroad purpose N.C.G.S. § 1-44 would not apply.

The plaintiffs alleged that the defendant Landon A. Scarborough held certain land through a deed from the defendant Seaboard System Railroad, Inc. The defendant Scarborough's title depends on the title of Seaboard. We have held that a railroad is protected from a claim of adverse possession by N.C.G.S. § 1-44. Seaboard had a good title to the land at the time it was conveyed to Scarborough and under the allegations of the complaint the plaintiffs had not obtained a title by adverse possession against Scarborough.

[3] The plaintiffs, relying on *Saddle Club v. Gibson*, 9 N.C. App. 565, 176 S.E. 2d 846 (1970), argue that the defendant Scarborough does not have standing to take advantage of N.C.G.S. § 1-44. *Saddle Club* has no application to this case. This Court in that case held that a person who has title to land which is subject to a highway easement may recover for a trespass by a third party on that part of the easement which is not being used for a highway. Scarborough may take advantage of N.C.G.S. § 1-44 to show Seaboard had not lost the land by adverse possession at the time it was conveyed to him.

[4] The plaintiffs contend that N.C.G.S. § 62-220 lists the powers of railroads and nowhere in those powers is the right to sell real property. They contend a railroad does not have the power to sell for a nonrailroad purpose property it acquired for a railroad purpose. The plaintiffs have not cited any authority for this proposition. More than 140 years ago it was held in an opinion written by Chief Justice Ruffin, *State v. Rives*, 27 N.C. (5 Ired.) 297 (1844), that land used by a railroad for a railroad purpose may be sold by the railroad. Assuming that the plaintiff has standing to raise this issue, we hold we are bound by *Rives* to hold a railroad has the power to sell property which has been acquired for railroad purposes.

The defendants contend in this appeal that the plaintiffs did not properly give notice of an appeal from the Superior Court of Anson County. The plaintiffs contend that it was error to transfer

the case from the District Court to the Superior Court of Anson County. We hold, for the reasons stated in the opinion of the Court of Appeals, that the plaintiffs gave a proper notice of appeal from superior court and it was not error to transfer the case from the district court to superior court.

The opinion of the Court of Appeals is affirmed as to its affirmance of the order of transfer and order denying the motion to dismiss the appeal. The opinion of the Court of Appeals is reversed as to its reversal of the order of dismissal, and the cause is remanded to the Court of Appeals for further remand to the Superior Court, Anson County for reinstatement of the order of dismissal.

Affirmed in part, reversed in part, and remanded.